LUCINDA FORMAN

*v.*

MARY FRANCES STICKNEY *et al.*

| 77  | 575 |
|-----|-----|
| 145 | 442 |
| 77  | 575 |
| 108a | 5163 |

1. AMENDMENT—*bill of review.* It being a matter of discretion, it is not error to allow the amendment of a bill of review after a demurrer is sustained to it.

2. BILL OF REVIEW—*waiver of objection to right to file.* By demurring to a bill of review before its amendment, the defendant admits that the bill is properly in court, and can not afterwards raise the objection that it was filed without performance of the original decree.

3. In order to successfully raise the objection that a bill of review is filed before performance of the original decree, the defendant must move the court, on his first appearance, to strike the same from the files, or to dismiss the suit.

4. CHANCERY—*requiring answer of guardian ad litem to amended bill.* Where a guardian *ad litem* for an infant defendant has answered a bill in chancery, and the same is amended by correcting dates therein, the omission of the guardian *ad litem* to answer the bill as amended, is not such a substantial error as to justify a reversal of the decree on bill of review.

5. SPECIFIC PERFORMANCE—*personal decree against heirs of vendor for the price paid.* A decree on bill for specific performance against the heir at law of the vendor, who is a minor, which requires a conveyance to be made within a certain time, and, in default thereof, that the heir pay the purchase money back, with interest, where the proof fails to show that any property of the deceased vendor had been received or come to such heir, will be erroneous so far as it requires the heir to pay money. The heir is not personally liable on his ancestor's contracts, except to the extent of the assets coming to him from the estate of the latter.

6. CHANCERY—*removing cloud.* Where land has been sold under an execution issued under a decree in chancery, the court may, on reversing the decree on bill of review, set aside such sale as a cloud on the title, if the bill is framed so as to justify such relief.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. CASEY & DWIGHT, for the plaintiffs in error.

Mr. B. B. SMITH, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, brought by Mary Frances Stickney, by her next friend Frances A. Peck, and Frances A. Stickney, against Lucinda Forman, to review and reverse a decree theretofore obtained, by the latter against the two former, for alleged errors in law apparent on the face of the decree.

The bill whereupon that decree was rendered, was one filed against said Stickney, as the minor daughter and heir at law, and said Frances A. Peck as the widow, since married, of N. R. Stickney, deceased, for the specific performance of a contract for the conveyance of real estate according to a bond executed by the said N. R. Stickney, which was set out in the bill *in hæc verba*, whereby, in consideration of $250, acknowledged to have been paid to him by Lucinda Forman, he bound himself to execute to her, within two years from its date, February 13, 1857, a warranty deed for lot No. 1, in block No. 13, in the town of Centralia; the bill alleging that said Stickney departed this life on August 27, 1858. The decree was for a conveyance, and in case of default in making it within a reasonable time, that "complainant have judgment against said defendants for the sum of $——, being the amount of the purchase money so paid to the said N. R. Stickney at the time of said purchase, (it having before been found in the decree to be $250,) and the interest thereon to this date at six per cent, and that said complainant have execution against said defendants for that amount, together with the costs herein accrued."

The court below overruled a demurrer to the bill of review, and ordered that the original decree be reversed and set aside,

and that defendants pay the costs of the suit. The defendants bring this writ of error for the reversal of the decree, and assign various errors.

It is urged that the court erred in granting leave to amend the bill in this case after a demurrer was overruled to it. The amendment was properly allowable within the discretion of the court. The propriety of allowing an amendment of a bill of review was recognized in *Gardner* v. *Emerson*, 40 Ill. 296.

It is insisted that the court erred in overruling the motion to strike the amended bill from the files; that the motion should have been allowed, as the bill failed to show that complainants had complied with the former decree, or paid the costs of the same, or to show any reason for not having done so. Before the amendment of the bill, defendant had demurred to it. By so demurring, she admitted the bill was properly in court. She could not afterward raise the objection that the bill was not regularly filed, because of non-performance of the original decree.

In order to successfully raise that objection, she should have moved the court below, upon her first appearance, to have stricken the bill from the files, or to have dismissed the suit. *Griggs et al.* v. *Gear*, 3 Gilm. 2; *Horner* v. *Zimmerman et al.* 45 Ill. 14.

It is claimed that there was no error in law in the former decree.

The bill of review assigns two errors of law in that decree. One, that Mary Frances Stickney was a minor, and that the court erred in decreeing against her without first having required an answer of her guardian *ad litem* to the amended bill; the other, that there was a personal decree against the defendants for the amount of the purchase money of the lot, with interest, in case of their failure to convey within a reasonable time.

The guardian *ad litem* of the infant had put in an answer to the bill as originally filed. Subsequently, the court overruled

37—77TH ILL.

a demurrer to the bill, and gave leave to complainant to amend it, which she did by correcting dates, and the defendants were ruled to answer the bill as amended, instanter. The omission of the guardian *ad litem* to answer specially the amended bill, we can not regard as any such error as should cause a reversal of the decree. Under the answer already in to the original bill, all the rights of the infant could have been protected, and all matters of defense to the bill as amended, could have been sufficiently availed of.

There was nothing in the record to justify rendering a personal decree against the defendants for the amount of the purchase money of the lot.

In no event could there have been warrant for any such personal decree against the defendants for the payment of money, except to the extent of assets of the estate of N. R. Stickney, shown to have come to them.

The record did not show that any property whatever had been received by or came to the defendants from the estate of N. R. Stickney; nor did the bill even allege that defendants had received from such estate any property in value or kind. It alleged only, in that respect, "that, by the will of Nathan R. Stickney, his wife, the said Frances A., and his daughter, said Mary Frances, received, and became possessed of, the estate, both real and personal, of the said Nathan, and used and appropriated the same to their own benefit and purposes." So that by the taking of the bill for confessed against the defendants, there is no allegation in it which would warrant a personal decree against the defendants for the sum of $250 and interest thereon. As respects that part of the former decree which directed a conveyance of the lot, we perceive no error therein, and think it should not have been disturbed.

There is a further allegation in this present bill, that on the 13th of July, 1872, the sheriff of Marion county (where the former decree was obtained) proceeded to levy on and sell, and did sell, under an execution issued out of the circuit court of that county, as the property of Frances A. Peck, 20

feet off the south side of lot 4, in block 20, in the town of Centralia, and that Lucinda A. Forman bid off the same at $200, and will take a deed for the same, and thereby create a cloud on complainants' title. The decree here set aside this sale, as well as reversed and annulled the former decree. This, it is maintained, was error, because the bill of review does not allege that the execution under which the sale was made was issued upon the original decree sought to be reviewed and reversed. It is true, the bill, as originally filed, did not contain any allegation from which that fact could be inferred. But the amended bill, toward its close, contains this allegation: that by the sale of the land under the execution issued under said decree, a cloud is created on the title to said land. We are inclined to think that this may help out the insufficiency of the preceding averments, and that upon a general demurrer, taking the whole bill together, it may be held substantially to allege that the sale was under an execution issued upon the original decree sought to be reviewed and reversed.

The decree of the court below will be reversed in so far as it reverses and sets aside the original decree in favor of Lucinda Forman, in the respect that it decrees a specific performance of the contract there involved, and directs the making of a conveyance of the lot therein described; in all other respects, the decree of the court below is affirmed. The costs of the appeal will be equally divided between the parties.

*Decree reversed in part.*