| | |
|---|---|
| 102 | 581 |
| 120 | 383 |
| 24a | 557 |
| 24a | 558 |
| 24a | 559 |
| 102 | 581 |
| 145 | 442 |
| 145 | 512 |
| 102 | 581 |
| 161 | 596 |
| 102 | 581 |
| 164 | 632 |
| 102 | 581 |
| 114a | 166 |

NANCY A. SLOAN

*v.*

WILLIAM SLOAN.

*Filed at Ottawa March 28, 1882.*

BILL OF REVIEW—*limitation as to time of filing.* It is a general rule that a bill of review to impeach a decree for fraud, will not be entertained unless brought within the time allowed by statute for the suing out of a writ of error, or unless some very cogent and convincing reason is shown in excuse of the delay.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. GEORGE W. SMITH, for the plaintiff in error:

Courts of chancery will ordinarily apply the same limitation of time to bills of review that the statute applies to writs of error. *Lyons* v. *Robbins*, 46 Ill. 276.

This is the extent of the rule, and it is made for cases in which error upon the face of the record is alleged,—not for cases of fraud or concealment. There is no warrant for the broad assertion that a bill of review will not lie after the time when a writ of error could be brought, and the authorities do not sustain that position.

Mr. ROBERT A. CHILD, also for the plaintiff in error:

A bill of review may be brought within twenty years, (Adams' Equity, 417,) and it will lie—

1. To impeach a decree for fraud. Story's Equity Pl. sec. 426; Adams' Equity, 419; Cooper's Equity Pl. 97; *Guerry* v. *Durham*, 11 Ga. 9; *De Lains* v. *Meek*, 2 Greene, (Iowa,) 55; *Hatch* v. *Fenby*, 4 Md. Ch. 190.

2. On the occurrence of, or discovery of, new matter. *O'Hara* v. *Shepherd*, 3 Md. Ch. 306; *Ridgeway* v. *Lovam*,

3 id. 303; *Cochran* v. *Rison*, 20 Ala. 463; *Standish* v. *Rodley*, 2 Atk. 178; *Judson* v. *Shepherd et al.* 75 Ill. 255; Cooper's Equity Pl. 91; Story's Equity Pl. 412.

3. It may be filed with or without leave of the court, and may be brought for fraud in fact or fraud in law. *Allen et al.* v. *Hawley et al.* 66 Ill. 164; *Griggs et al.* v. *Gear*, 3 Gilm. 2; *Turner* v. *Berry*, 3 id. 541.

Equity will relieve against every species of fraud. *Lewis et al.* v. *Lanphere*, 79 Ill. 187.

The vacating and opening up a decree is discretionary with the court, where the court had jurisdiction of the parties to the original suit; but where proceedings have been taken without jurisdiction, it is the duty of the court to correct the record upon the first notice of the fact. *Evans* v. *Clement*, 14 Ill. 206; *Crouch* v. *Crouch*, 30 Wis. 667; *Boyd's Appeal*, 38 Pa. St. 241; *People* v. *Dowell*, 25 Mich. 247.

As to the power of courts to set aside decrees of divorce for fraud or imposition, even after a subsequent marriage: *True* v. *True*, 6 Minn. 458; *Jackson* v. *Jackson*, 1 Johns. 424; *Pawling* v. *Bird's Exrs.* 13 id. 192; *Borden* v. *Fitch*, 15 id. 121; *McLaren's Exr.* v. *McLaren*, 6 Wend. 567; *Adams* v. *Adams*, 51 N. H. 388; *Graves* v. *Graves*, 36 Iowa, 310; *Crouch* v. *Crouch*, 30 Wis. 667; *Edson* v. *Edson*, 108 Mass. 590.

Mr. IRA O. WILKINSON, for the defendant in error:

A bill of review will not lie to set aside a decree entered by consent of parties, unless the consent was obtained by fraud or mistake. Adams' Equity, 400; 2 Daniell's Chancery Pr. 1575; *Flagler* v. *Crow*, 40 Ill. 414; *McDaniel* v. *James*, 23 id. 407; *Armstrong* v. *Cooper*, 11 id. 540.

Whether filed for error of law, or for newly discovered matter, it should be filed as soon as it reasonably may be. Story's Equity Pl. sec. 423; Adams' Equity, 790, and notes; 2 Daniell's Chancery Pr. 1584–5.

A bill of review will not lie after the time for bringing a writ of error.    Story's Equity Pl. sec. 410, and notes; Puterbaugh's Chancery Pl. 259; 2 Daniell's Chancery Pr. 1580, and note; *Lyons* v. *Robbins*, 46 Ill. 276; *Sale* v. *Pike*, 54 id. 292; *Boyd* v. *Vandercamp*, 1 Barb. Ch. 273; *Jenkins* v. *Prewitt*, 5 Blackf. 7; same case, 6 id. 237.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The case shown upon this record is that of a bill of review, or a bill in the nature of a bill of review, brought by Nancy A. Sloan, of the State of Ohio, against William A. Sloan, of the State of Kansas.    The bill was filed in the Superior Court of Cook county, August 25, 1879, seeking to annul and set aside, for fraud, a decree of divorce rendered in that court at its August term, 1872, granting to her a divorce from defendant.    This bill seeking to set aside the former decree was heard at the November term, 1880, and, on hearing, was dismissed.    On error to the Appellate Court for the First District the decree dismissing the bill of review was affirmed. The complainant brings the case here on error, for review.

The allegations of the bill upon which it is sought to set aside the decree of 1872 are, that complainant had no knowledge of the proceeding whatever, and never, in any manner, gave any authority to the lawyer who prosecuted in her name the suit for a divorce, and in her name procured the decree. The excuse alleged for the delay in bringing this suit is, that complainant had no knowledge of the fact that any divorce proceedings were ever had in this regard, until about one month before this bill was filed.    All these allegations are denied in the answer, and it is also shown that some time in 1872 defendant married another woman in Iowa, and that they have two children, the fruits of the latter marriage.

It is a general rule that a bill of review will not be entertained, unless brought within the time allowed by statute for the suing out of a writ of error.    In this case about seven

years intervened after the entering of the decree of divorce before the filing of this bill. In the absence of some cogent reason to the contrary, this proceeding must be regarded as barred by mere lapse of time. The allegation of the utter ignorance of the proceedings can not in such case prevail, unless clearly and satisfactorily proven. Complainant herself swears very positively that she had no such knowledge and no suspicion of such proceedings, and many incidents of her conduct, proven as part of the current of affairs, seem to corroborate her statement. On the contrary, several witnesses swear positively that before the divorce proceedings she had presented to her, for her signature, a paper which she was told was a paper which, if signed by her, would bring a divorce from her husband, and that upon such representation she did sign the paper. Several witnesses also swear that another paper was received by her father-in-law in Ohio, (where she lived,) said to be a power of attorney from Chicago, sent to Ohio for her signature; that it was represented to the complainant that the first paper was not sufficient, because not executed before a notary public, and that complainant consented to sign and acknowledge the second paper. John Sloan, the father of the defendant, swears that complainant went with him before a notary public and there did sign the second paper, and that he and the notary both signed the same as witnesses. The notary public swears that complainant did sign the paper in his presence, and that he *made known* to her its contents, and that he, and Sloan, the father-in-law of complainant, signed the same as witnesses, and that she knew when she signed it that it authorized a lawyer named, in Chicago, to take the necessary steps to procure for her a divorce. Sloan, the father of the defendant, swears that after the decree of divorce was rendered, a copy of the same was sent to him in Ohio, and that he produced it to complainant, and told her the decree for the divorce had come, and she thereupon requested him to keep it, and not

to let the mother of complainant know anything upon the subject.

While there are many things in the record which compel us to doubt the truth of some of these statements, still the cause for disregarding the general rule is not so clearly established by proof as to require or authorize the court to depart therefrom in this case. It may be that the real truth in this case is with the complainant, and if so, a most wicked and flagrant wrong has been done to her. Such is not shown to be so, so clearly as to demand that the general rule against entertaining bills of review after the lapse of five years, should be disregarded. It is a wholesome rule, although in some cases it may result unfavorably to the real justice between the parties.

Under these views the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*