## CHARLES J. BRUSCHKE

*v.*

## DER NORD CHICAGO SCHUETZEN VEREIN *et al.*

*Filed at Ottawa, June 19, 1893.*

1. BILL OF REVIEW—*sufficiency of the bill.* A bill of review of a decree, for error upon the face of the record, and for fraud, set out in full the original bill, the summons issued thereon, the return of service indorsed upon the summons, the entry of appearance for the defendants, the orders of default and reference, the master's report and depositions thereto attached, and the final decree based upon said report: *Held*, that the bill was a sufficient compliance with the rules of pleading in respect to such bills.

2. In a bill of this nature it is necessary to state the former bill and the proceedings therein, the decree, and the point in which the party exhibiting the bill of review conceives himself aggrieved.

3. SAME—*stating the evidence in the former case.* It is well settled that it is not necessary to state as a part of the proceedings in the original cause the evidence on which the court found the facts on which it proceeded to enter the decree. As a general rule, the question in bills of review is not whether the facts found in the decree under review are in accordance with the evidence, but whether the court rendering such decree has correctly applied the law to the facts as found by it.

4. SAME—*party filing must allege performance of the decree.* The general rule is, that the decree must first be obeyed and performed before a bill of review can be brought. But the performance of the decree is not necessary to the jurisdiction of the court; it is merely a personal right which the defendant may insist upon, if he urges it upon the attention of the court at the proper time. If he desires to raise the objection of non-performance, he should move to strike the bill from the files, or to dismiss the suit upon his first appearance. He can not go on and treat the bill as if regularly filed by demurring to it or answering it; for by so doing he admits that it is properly in court. Such objection is not properly raised by demurrer.

5. SAME—*laches—time in which to file.* It is a general rule that a bill of review for errors, apparent upon the face of the record, will be entertained if brought within the time allowed by the statute for suing out a writ of error, which in this State is five years. Where the bill was to review errors, and was also an original bill to impeach a decree for fraud, and the decree was entered February 9, 1889, and the bill of review was filed April 4, 1889, it was held there was no *laches* in filing the bill.

27—145 ILL.

6. SAME—*courts will look into the pleadings and prior proceedings*—By the English practice the substance of the pleadings was recited in the decree; and so, in bills of review for errors, apparent on the face of the decree, the decree is understood to include not only the final judgment of the court, but the pleadings also; and in passing upon any such errors in bills of this character the court will look through the pleadings and prior proceedings.

7. CHANCERY PRACTICE—*on overruling a demurrer to a bill.* The correct practice, on overruling a demurrer to a bill, is not to enter a decree, but to make an order requiring the defendant to answer, and if he does not do so, to take the bill as confessed. But whether a defendant shall be ruled to answer is a matter of discretion not open to review in this court. And when the record shows that the defendant elected to abide his demurrer, there will be no irregularity in taking a decree on overruling a demurrer to the bill.

8. Where a demurrer to a bill of review, grounded on error, is overruled, the decree may be reversed without any further hearing.

9. CORPORATION—*necessary party to suit by stockholder.* Originally a corporation was the proper party plaintiff to bring suit against the officers and others seeking to misappropriate corporate property, or committing any other breach of duty. But to prevent injustice, equity permits a stockholder, either individually or on behalf of himself and other stockholders similarly situate, to maintain a suit against the wrong-doing directors or officers, where it appears, and is averred, that the corporation itself, either actually or virtually, refuses to bring the suit, or where the alleged facts show that the wrong-doing defendants constitute a majority of the managing body, or where there is disclosed by the plaintiff's pleading a state of things which renders it reasonably certain that a suit by the corporation would be impossible, and a demand therefor unavailing.

10. But when such a suit is brought by a stockholder or stockholders, the corporation is a necessary party, because the action is for the benefit of the corporation, and the final relief when obtained belongs to the corporation.

11. In a suit brought by a shareholder to protect his equitable interest in the affairs of a corporation, the corporation is itself an indispensable party. The legal title to the corporate property and rights is vested in the corporation, and each stockholder is beneficially interested only as a member of the company.

12. ATTORNEY AT LAW.—*unauthorized entry of appearance by.* Where an attorney enters the appearance of a defendant without authority, such act is void, and a decree thereon may be collaterally attacked.

13. DECREE—*void for want of jurisdiction.* A decree which is void as against a corporation for want of jurisdiction over the same, is properly vacated on bill of review for error on the face of the decree.

WRIT OF ERROR to the Circuit Court of Cook County; the Hon. M. F. TULEY, Judge, presiding.

This is a bill of review for errors apparent upon the face of the decree sought to be reviewed, and also seeking to impeach the decree for fraud. In the original cause in which the decree was rendered, the bill filed by Bruschke, the present plaintiff in error, alleged that he and one hundred and three others formed an Illinois corporation, not for pecuniary profit, Der Nord Chicago Schuetzen Verein, which bought land and executed a trust deed thereon to secure $28,500 in bonds, of $250 each; that he owned one of said bonds; that buildings were erected upon said land, and its value increased; that he remained an active member, but the original members withdrew and abandoned said society, and formed a new society, called The North Chicago Sharp Shooters' Association; that the officers of the old society, on February 15, 1888, against his protest, made an agreement for the sale of the property to the new society for $56,000, $1 cash, the assumption of the debts, the payment of the balance in 45 days; that the other members forfeited their right and title; that he was the only surviving member, and was, in fact, the corporation or old society, and sole owner of its property and franchises; that the new society was about to let, improve and incumber the premises; that the officers and members of the old and new societies were the same, and the contract of sale, therefore, void; that the premises were worth $100,000; that in 1880 the old society procured a loan from its members of $1000, and issued certificates, of which he owns one for $10; that by the sale his certificate, membership, etc., would become worthless; that, if not the owner of the entire corporation, he was entitled to a large share of its property, etc.; that no steps had been taken to wind up the old corporation; that certain named persons were directors and treasurer, and should account, and, by reason of their abandonment, their places were vacant; that certain officers induced old

members to consent to said transfer by fraud, etc. The prayer is for a receiver; that Bruschke be decreed to be sole owner; that said contract be set aside; that an accounting be had; that the offices be declared vacant, and the records, books, archives of Der Nord Chicago Schuetzen Verein, title papers, seal, vouchers, accounts and property of every kind be turned over to Bruschke, etc. Default was entered, reference made to a master, proofs were taken, master's report was filed, and decree was entered in accordance with the prayer of the bill.

The bill of review as finally amended, after setting out the pleadings, decree and other proceedings in the original suit, alleges that said decree was erroneous, in that the court had no jurisdiction over Der Nord Chicago Schuetzen Verein, and disposed of *its* property, and the interests of *its* members to said Bruschke without making them parties; in that the decree attempts to dissolve the old corporation, which had never been dissolved; in that the material allegations of the original bill were untrue, and the decree was obtained by the use of perjured evidence; because Der Nord Chicago Schuetzen Verein was not named in the summons, and was not a party defendant, and its appearance was not entered; because a demurrer was filed for the defendants named in the summons, but disappeared from the files, and default was entered fraudulently and without notice; because said decree was entered without notice, and upon an untrue statement of Bruschke to the judge that notice had been given, and it untruly recites that the old corporation had been served with process, etc.

Bruschke answered the bill of review, denying its allegations, and praying the same benefit as if he had demurred specially. To portions of the bill as amended he filed a demurrer, setting up special causes of demurrer, and to other portions thereof he filed an answer. The answer was allowed to stand as a demurrer to the amended bill, and the remainder of the answer considered as withdrawn. The

court overruled the demurrer, ordered the bill to be taken as confessed, and, finding that the court h'ad no jurisdiction to render the decree, and that the same was contrary to equity and obtained by fraud, decreed that the default and order of reference in the original cause be set aside, and that the decree therein entered should be set aside.

From the decree thus entered upon the amended bill of review as demurred to, the present writ of error is prosecuted.

Mr. ALLAN C. STORY, Mr. Fred. W. STORY and Mr. GEO. F. WESTOVER, for the plaintiff in error:

It is an elementary principle that a bill of review must contain copies of the entire record, evidence, and other proceedings in the case sought to be reviewed. Story's Eq. Pleadings, sec. 420; *Turner* v. *Berry*, 3 Gilm. 544; *Gardner* v. *Emerson*, 40 Ill. 297; *Judson* v. *Stephens*, 75 id. 255; *Aholz* v. *Durfee*, 122 id. 286; *Kuttner* v. *Haines*, 135 id. 382.

The bill as amended does not show all of the evidence upon which the decree attacked was based. Exhibits "A, B, C, and D," embraced and referred to in the master's report, are omitted. This is a fatal defect.

The record of taxation of costs is also a part of the decree, and is not set forth, or even the amount stated in the bill.

The pretended demurrer is not set out, nor even a purported copy shown. See *Kuttner* v. *Haines, supra.*

It is also a general rule governing bills of review that the defendant must have performed the decree before filing the bill; in other words, the decree must first be obeyed and performed, before a bill of review can be brought; as if it be for land, the possession must be given up; if it be for money, the money must be paid, and so in other cases. Story's Eq. Pl., sec. 406; *Griggs* v. *Gear*, 3 Gilm. 2; *Judson* v. *Stephens*, 75 Ill. 255; *Kuttner* v. *Haines*, 135 id. 382; *Forman* v. *Stickney*, 77 id. 575; 2 Barb. Ch. Prac.,

425; Story's Eq. Pl., sec. 406; Mitford's Eq. Pl. (Levering), 94, note i.; *Partridge* v. *Osborne,* 5 Russ. 196; *Aholz* v. *Durfee,* 122 Ill. 291.

The gist of the action and decree sought to be reviewed was the fraudulent sale of all the property of the old company, for one dollar, to a new company organized for the same object, and as all the old officers were engaged in this, a single dissentient shareholder or member has the right to maintain a bill to set the sale aside. *Gashwiller* v. *Willis,* 33 Cal. 18, and cases cited; *Couro* v. *Port Henry Iron Co.,* 12 Barb. 27; *Wardell* v. *R. R. Co.,* 103 U. S. 651; *Abbott* v. *Am. Hard Rubber Co.,* 33 Barb. 578; *N. Y. Cent. Ins.* v. *Nat. Port. Ins. Co.,* 20 Barb. 468; *Meiner* v. *Hooper's Telegraph Works,* L. R. C. H. App. 350; *Meeker* v. *Winthrop Iron Co.,* 17 Fed Rep. 48; *Ervin* v. *Oregon Ry. & Nav. Co.,* 20 Fed. Rep. 577.

When a number of stockholders combine to constitute themselves a majority in order to control the corporation as they see fit, they become for all practical purposes the corporation itself, and assume the trust relation occupied by every corporation toward its stockholders. *Gregory* v. *Patchell,* 33 Beav. 595; *Jackson* v. *Ludeling,* 21 Wall. 616; Story's Eq., 323; Sugden on Vendors (13th Ed.), 566, and cases cited; *Brewer* v. *Boston Theatre,* 104 Mass. 378; *Goodwin* v. *Cin. & Whitewater Canal Co.,* 18 Ohio State 169.

One non-assenting stockholder may maintain the bill. Morawetz on Corp., sec. 242; 2 Pom. Eq. Jur., sec. 1095.

No diligence is alleged, but, on the contrary the grossest *laches* appears. Equity will only lend its aid to those who seek it in apt time. *Dobbins* v. *Wilson,* 107 Ill. 17.

The law requires of a party seeking to set aside a default, obtain a new trial, or set aside a judgment or decree for fraud, that he should have been diligent, earnest and energetic, and without fault. R. S., chap. 22, sec. 17; 107 Ill. 17.

The bill of review herein expressly avers that said attorney "took no further steps to defend this suit" after his clerk informed him he had filed a demurrer.

Messrs. LACKNER & BUTZ and Mr. JOHN WOODBRIDGE, for the defendants in error:

A corporation can not be dissolved in equity, except in cases which come within chap. 32, sec. 25, of the Revised Statutes. Before that statute, courts of equity had no jurisdiction to wind up corporations. *Osborn* v. *People*, 103 Ill. 228; *Attorney General* v. *C. & E. R. R. Co.*, 112 id. 520; *Chicago Mut. Life Indemnity Assn.* v. *Hunt*, 127 id. 274; *McCartney* v. *C. & E. R. R. Co.*, 112 id. 611.

The effect of an unlawful disposition of the property is not to dissolve the corporation. The Verein was a corporation not for pecuniary profit, under secs. 29 to 34 of the Rev. Stat. By sec. 33, a distribution of the property is provided for, but it can only be made after all debts are fully paid. None of the steps required has been taken.

The Verein can not be closed up and its property distributed, except under sec. 25, of chap. 32, of the R. S. If that section does not apply to corporations not for pecuniary profit, the Verein can not be dissolved in equity, and if that section does apply to such a corporation, all the members are necessary parties. *Chandler* v. *Brown*, 77 Ill. 336.

The Verein is not made defendant in the bill filed by Bruschke, and can not be affected by the decree. A corporation can not be wound up in a proceeding to which it is no party. *Baker* v. *Backus*, 32 Ill. 79; *Chandler* v. *Brown*, 77 id. 336; *Rice* v. *R. I. & A. R. R. Co.*, 21 id. 95; *Goodrich* v. *Reynolds*, 31 id. 490; *Attorney General* v. *C. & E. R. R. Co.*, 112 id. 520; *Osborn* v. *People*, 103 id. 228; *Ch. Mut. L. Indemnity Assn.* v. *Hunt*, 127 id. 274; *McCartney* v. *C. & E. R. R. Co.*, 112 id. 611.

The demurrer admits that the solicitor had no authority to appear for the Verein and did not intend to appear for it, and the decree against it must fall.

As to the practice in chancery where demurrer to bill is overruled, see *Wangelin* v. *Goe*, 50 Ill. 459; *Roach* v. *Chapin*, 27 id. 197.

As to the averment of performance and mode of taking advantage of the want of such allegation, see *Griggs* v. *Gear*, 3 Gil. 7; *Forman* v. *Stickney*, 77 Ill. 577.

The bill here is not merely a bill of review, but also a bill seeking to impeach the decree on account of fraud. In such a bill an averment of performance is unnecessary. *Harris* v. *Cornell*, 80 Ill. 54; *Boyden* v. *Reed*, 55 id. 458; *McConnel* v. *Gibson*, 12 id. 128; *Howe* v. *S. Park Comrs.*, 119 id. 101; *Judson* v. *Stephens*, 75 id. 255.

But admitting the necessity of an averment of performance in this case, it was waived by filing demurrer and answer.

Such a bill need not state the evidence. *Turney* v. *Berry*, 3 Gil. 544; *Kuttner* v. *Haines*, 135 Ill. 387; *Aholtz* v. *Durfee*, 122 id. 291.

The present bill was filed April 4, 1889. The decree sought to be reviewed was entered February 9, 1889, or less than two months before the present bill was filed. A bill of review may be brought within five years. *Sloan* v. *Sloan*, 102 Ill. 581; *Harris* v. *Cornell*, 80 id. 54; *Boyden* v. *Reed*, 55 id. 439; *McConnel* v. *Gibson*, 12 id. 128; *Howe* v. *South Park Commissioners*, 119 id. 101; *Evans* v. *Clement*, 14 id. 209.

Mr. Justice Magruder delivered the opinion of the Court:

It is claimed by the plaintiff in error, that the demurrer to the amended bill of review was improperly overruled, for several reasons.

*First*, it is said that the amended bill of review does not show all the evidence, and other proceedings, upon which

the decree sought to be reviewed is based. The amended bill sets out in full the original bill, the summons issued thereon, the returns of service endorsed upon the summons, the entry of appearance for the defendants, the orders of default and reference, the master's report and depositions thereto attached, and' the final decree based upon said report. This is a sufficient compliance with the rule, as laid down in Story's Equity Pleadings, and as followed by this Court in a number of cases, which is as follows: "In a bill of this nature, it is necessary to state the former bill, and the proceedings therein, the decree and the point in which the party exhibiting the bill of review conceives himself aggrieved by it." (Story's Eq. Pl., sec. 420; *Aholtz* v. *Durfee,* 122 Ill. 286.) Counsel complains, that certain exhibits, referred to by the master in his report made in the original cause, are not set forth in full in the report as it appears in the amended bill of review. The absence of these exhibits can not be regarded as a fatal defect on demurrer to the bill of review, because they are in the nature of evidence. It is well settled, that it is not necessary to state, as a part of the proceedings in the original cause, "the evidence on which the court found the facts on which it proceeded to render the decree." (*Turner* v. *Berry,* 3 Gilm. 541; *Aholtz* v. *Durfee, supra*; *Evans* v. *Clement,* 14 Ill. 206.) As a general rule, the question, in bills of review, is not whether the facts found in the decree under review are in accordance with the evidence, but whether the court rendering such decree has correctly applied the law to the facts as found by it. (*Ebert* v. *Gerding,* 116 Ill. 216.)

*Second,* it is objected, that the bill of review does not show performance of the requirements of the original decree. The original decree directs the defendants therein to deliver up possession of the premises and the improvements thereon to the complainant, and to come to an accounting for the sinking fund and other property. It is said, that

the present complainants have not, as they should have done, attempted or offered to comply with these terms of the decree. The general rule is, that the decree must be first obeyed and performed before a bill of review can be brought. (Story's Eq. Pl., sec. 406; *Griggs* v. *Gear,* 3 Gilm. 2; *Judson* v. *Stephens,* 75 Ill. 255; *Kuttner* v. *Haines,* 135 id. 382.) But the performance of the decree is not necessary to the jurisdiction of the court; it is merely a personal right which the defendant may insist upon if he urges it upon the attention of the court at the proper time. If he desires to raise the objection of non-performance, he should move to strike the bill of review from the files, or to dismiss the suit, upon his first appearance. He can not go on and treat the bill as if it had been regularly filed by demurring to it, or answering it; for, by so doing, he admits that it is properly in court. (*Forman* v. *Stickney,* 77 Ill. 575; *Griggs* v. *Gear, supra.*) In the present case, the defendant made no motion to dismiss the bill of review upon his first appearance, but answered and demurred to the bill, and also demurred to it after it was amended. The objection of non-performance comes too late, and is not properly raised on demurrer.

*Third,* it is charged that there has been *laches* in the filing of the bill. We do not think that this charge can be sustained under the facts of the present case. The decree sought to be reviewed was entered on February 9, 1889, and the present bill was filed on April 4, 1889. The bill is of a double character; a bill of review for errors apparent upon the face of the decree; and an original bill in the nature of a bill of review to impeach the decree for fraud. Viewed in either aspect it has been filed in time. It is a general rule, that a bill of review for errors apparent upon the face of the record will be entertained, if brought within the time allowed by the statute for the suing out of a writ of error, which, in this State, is five years. (*Sloan* v. *Sloan,* 102 Ill. 581; Story's Eq. Pl., sec. 410; see, also, *McConnel* v.

*Gibson,* 12 Ill. 128; *Boyden* v. *Reed,* 55 id. 458; *Harris* v. *Cornell,* 80 id. 54; *Howe* v. *South Park Comrs.* 119 id. 101.)

*Fourth,* it is assigned as error that the court below, upon overruling the demurrer to the bill, did not grant leave to answer over. The correct practice, on overruling a demurrer to the bill, is not to render a decree, but to make an order requiring the defendant to answer, and if he does not do so, to take the bill as confessed. We have held, however, that the question whether a defendant should be ruled to answer, was one of discretion, and would not be reviewed in this court. (*Miller* v. *Davidson,* 3 Gilm. 518; *Roach* v. *Chapin,* 27 Ill. 194; *Wangelin* v. *Goe,* 50 id. 459.) In the *Wangelin* case it was said, that there was no irregularity in proceeding to a decree upon overruling the demurrer to the bill, if the record showed that the defendant elected to abide by the demurrer. Such was the case here.

Without attempting to discuss or analyze all the motions and rulings, and counter-motions and counter-rulings, in the record, it sufficiently appears that the defendant was allowed, at his own request, to withdraw such portions of his answer as were an answer to the amended bill, and to have the other portions stand as a demurrer to said bill, upon condition that, in case the demurrer should be overruled, no answer would be permitted; and that Bruschke accepted the condition, and thereby elected to stand by his demurrer. For the reasons hereinafter stated the decree sought to be reviewed was erroneous for errors appearing upon its face; and where such is the case, that is to say, where a demurrer to a bill of review, grounded upon error, is overruled, the decree may be reversed without any further hearing. (*Cooke* v. *Bamfield,* 3 Swanst. 607; 2 Dan. Ch. Pr., 4th ed., page 1583.)

Having disposed of these preliminary objections, we come now to the question of the validity of the original de-

cree. We think that the decree was defective, because the old society or corporation, the Der Nord Chicago Schuetzen Verein, was not a party defendant to the bill in the proceeding in which the decree was rendered. According to the English practice, the substance of the pleadings was recited in the decree; and so, in bills of review for errors apparent on the face of the decree, the decree is understood to include not only the final judgment of the court, but the pleadings also; and, in passing upon any such errors in bills of this character, the court will look through the pleadings and prior proceedings. (*Ebert* v. *Gerding,* 116 Ill. 216.)

Here, the original bill was filed by Bruschke, a stockholder in the Der Nord Chicago Schuetzen Verein, a corporation "not for pecuniary profit," against certain persons alleged to have been directors and officers of said corporation, and also against the North Chicago Sharp Shooters' Association, a corporation for pecuniary profit. In the original bill thus filed, Bruschke attacks and seeks to set aside a sale and transfer of the property and assets of the Verein, the old corporation, by its officers and other stockholders besides himself, to the Sharp Shooters' Association, a new corporation formed by said officers and other stockholders. He alleges, that the rest of the members of the old society besides himself had abandoned it and joined the new society; that, by reason of such abandonment and sale, the right and title of the other members had become forfeited; that he was himself the only surviving member of the Verein, and was "in fact the corporation of the whole society, and sole owner of its property and franchises;" that no steps had been taken to wind up the Verein. The decree finds Bruschke to be entitled to all the property of the Verein, and vacates the sale and conveyances of the property by the officers of the old society to the new society, and directs that all the property, belonging to the Verein, be delivered up to Bruschke.

By asserting that the old corporation had never been wound up, the bill admitted its continued existence, and, upon the vacation of a sale of its property, it would seem to be the natural result that the title to such property should be re-vested in it, the old corporation, and not in one of its stockholders. At any rate, the old corporation ought to have been made a party to the proceeding and given a chance to be heard upon the question whether its property should be re-transferred to itself, or not. We are satisfied, upon an examination of the bill and summons, and all the other proceedings, that the Verein, the old corporation, was not a defendant to the bill, nor was its appearance entered in the cause. Its name is not mentioned in the summons issued upon the filing of the bill, nor in the returns thereon made by the sheriff. The bill recites in its opening paragraph, that it is brought against the North Chicago Sharp Shooters' Association alone. None of its phraseology can be construed to include, as defendants, others than said association and certain named officials of the Verein.

Originally the rule was that, where the directors or officers of a corporation fraudulently misappropriated the corporate property in any manner, or committed any other breach of their fiduciary obligations towards the corporation, the corporation itself was the proper party to bring a suit as plaintiff against the wrong-doers. In order to prevent injustice, however, equity permits a stockholder, either individually or on behalf of himself and other stockholders similarly situated, to maintain a suit in such cases against the wrong-doing directors or officers, where it appears, and is averred, that the corporation itself either actually or virtually refuses to begin the suit, or where the alleged facts show that the wrong-doing defendants constitute a majority of the managing body, or where there is disclosed by the plaintiff's pleading a state of things, which renders it reasonably certain that a suit by the corporation would be impossible, and a demand therefor unavailing. But where

such a suit is begun by a stockolder or stockholders, the corporation is a necessary party, because the action is for the benefit of the corporation, and the final relief when obtained belongs to the corporation. (1 Morawetz on Priv. Corp., 2d ed., secs. 257, 239, 241; 3 Pom. Eq. Jur., secs. 1094, 1095, and notes; *Greaves* v. *Gouge,* 69 N. Y. 154; *Chicago Hansom Cab Co.* v. *Yerkes,* 141 Ill. 320; *Chetlain* v. *Republic Life Ins. Co.,* 86 id. 220.) The rule is thus stated by Morawetz (sec. 257): "It is manifest that, in a suit brought by a shareholder to protect his equitable interest in the affairs of a corporation, the corporation is itself an indispensable party. The legal title to the corporate property and rights is vested in the corporation; and each stockholder is beneficially interested only as a member of the company." In *Greaves* v. *Gouge, supra,* the Supreme Court of New York said: "There is no doubt that a stockholder has a remedy   *   *   *   for the misapplication or waste of corporate funds and property by an officer of a corporation; but the weight of authority is in favor of the doctrine, that an action for injuries caused by such misconduct must be brought in the name of the corporation, unless such corporation or its officers, upon being applied to for such a purpose by a stockholder, refuse to bring such action. In that contingency, and then only, can a stockholder bring an action for the benefit of himself and others similarly situated, and in such an action the corporation must necessarily be made a party defendant." (*City of Chicago* v. *Cameron,* 120 Ill. 447.)

If it could be maintained, that the original bill makes the Verein a party defendant, yet, as there was no service of process upon it, it could only have been in court by virtue of a solicitor's written entry of "appearance of the defendants in the above cause." The bill of review alleges, that the solicitor, so entering the appearance of the defendants, had no authority to appear for the Verein, and did not intend to do so; and the demurrer to the bill of review admits

the truth of this allegation. Where an attorney entering the appearance of a defendant does so without authority, the judgment or decree based upon such act is void, and may be collaterally attacked. ( *Griggs* v. *Gear*, 3 Gilm. 2; *Thompson* v. *Emmert*, 15 Ill. 415; *White* v. *Jones*, 38 id. 159.)

We deem it unnecessary to notice any of the other grounds, upon which it is claimed that the decree, sought to be reviewed, should be set aside. Being void as against the Der Nord Chicago Schuetzen Verein for want of jurisdiction over that corporation, it was properly vacated by the court below. The decree of the Circuit Court is accordingly affirmed.

*Decree affirmed.*