W. U. HALBERT, Admr., Appellee, *vs.* YOUNG TURNER, Appellant.

*Opinion filed April 23, 1908.*

1. APPEALS AND ERRORS—*when a freehold is involved.* A freehold is involved in a proceeding by an administrator to sell land to pay debts where the decree sets aside one deed by the deceased, holds another to be a mortgage, and orders a sale of the full title and a distribution of the proceeds.

2. MORTGAGES—*right of redemption cannot be cut off by agreement of parties.* If an instrument is a mortgage of lands it remains a mortgage until the right of redemption is barred by some of the modes acknowledged by the law, and the right of redemption cannot be cut off by an agreement of the parties.

3. SAME—*agreement that deed will become absolute if debt is not paid by certain time is inoperative.* Where a deed absolute in form is given to secure a loan of money the deed is in the nature of a mortgage, and an agreement that if grantor does not re-pay the loan before his death the deed shall become absolute, is inoperative.

4. SAME—*mortgagee in possession cannot make improvements and charge cost against the mortgagor.* A mortgagee in possession cannot, by improving the property, charge the mortgagor or his estate with the amount of his expenditures, but allowances may be made or denied in such case according to the circumstances; and if the property is to be sold, it is not inequitable to allow the mortgagee for his improvements as much as the lot has been enhanced in market value thereby.

5. SAME—*a mortgagee cannot object to disposition of balance after mortgage debt is satisfied.* A mortgagee whose claims are made prior liens, to be first satisfied by the sale of the property, is not entitled to question the disposition of the balance of the proceeds of the sale.

APPEAL from the Probate Court of St. Clair county; the Hon. FRANK PERRIN, Judge, presiding.

C. E. CHAMBERLIN, and L. D. TURNER, for appellant.

OSCAR BECHERER, and LOUIS P. ZERWECK, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

Benjamin Moore, an aged and ignorant negro, who resided in the city of Lebanon, in St. Clair county, was the owner and in possession of lots 6 and 7 in Thurston's addition to said city, and there was a two-room frame dwelling house on lot 6. On July 12, 1898, he applied to the appellant, Young Turner, another negro, for a loan of $31.50, and proposed to secure it by a mortgage on the lots. Appellant said that he would not make a loan or take a mortgage, but if Moore would deed him the lots he would give him an option or privilege to pay the $31.50 at any time during Moore's lifetime, but if Moore failed to pay the $31.50 within that time the deed should become absolute. Moore accepted the proposition, and it was agreed that if the money was paid by Moore during his lifetime appellant was to re-convey the property. Moore executed a warranty deed to appellant and received the money. There was no note given or any other evidence of indebtedness. Moore remained in possession of the lots until he went to the county poor farm, very shortly before his death, which occurred about April 1, 1907. There was no agreement for payment of rent or any further contract than that above stated. The lots are situated in a negro settlement and were of but little value, variously estimated at from $100 to $300. A few years before his death Moore became very feeble and unable to take care of himself. About January 1, 1904, Lena Campbell moved into the house and took care of him for a while, and he made a warranty deed on condition that she provide for him during the remainder of his life. There was a disagreement between them, and after his death Mrs. Campbell claimed nothing under that deed but filed a claim against the estate for her services. After Mrs. Campbell left he had other negroes there taking care of him, who occupied one of the rooms in the house and after his death filed claims in the probate court, which were allowed. Ap-

pellant paid the taxes on the lots, and Moore made at least one payment of two dollars on the indebtedness, which was accepted by appellant. After Moore's death appellant took possession of the property and improved lot 7 with a small dwelling house. Appellee, as administrator of the estate, filed his petition in the probate court of St. Clair county, alleging that the deed to appellant was in the nature of a mortgage and that Moore was the equitable owner of the property, and asking the court to have the premises sold, the amount due appellant paid, and the balance applied in satisfaction of the debts of the estate. Appellant answered under oath, admitting that on July 12, 1898, Moore became indebted to him in the sum of $31.50 for money loaned; that to secure the payment of said indebtedness the deed of the lots was made by Moore to him; that the deed was security for re-payment and on condition that Moore should pay the amount due in his lifetime, but in case of failure to pay the same within that time the deed was to become absolute. The court heard the evidence, and afterward the answer was amended so as to deny the existence of any indebtedness or that the deed was intended as a mortgage, and to allege that appellant gave an option to Moore to re-purchase the premises at any time during Moore's lifetime upon payment of the sum of $31.50, which had never been paid, so that the option had expired. The court found by the decree that the deed was a mortgage; that Moore was the equitable owner of the property; that he had paid two dollars on the indebtedness, which was accepted by appellant; that appellant had paid taxes amounting to $25, and that after the death of Moore appellant took possession of the premises and moved a small dwelling house on lot 7 at a cost of $550, which enhanced the value of the property to the amount of $200. The court ordered the deed from Moore to Lena Campbell canceled and directed a sale of the lots; the payment to appellant of the amount due him on the indebtedness, together with the enhanced market value

of lot 7 by reason of the improvement; the application of the balance on the claims, and the bringing of the remainder, if any, into court. An appeal to this court was prayed for and allowed.

A freehold is not involved, so as to permit a direct appeal to this court, in an ordinary proceeding to have a conveyance absolute on its face declared a mortgage and a right of redemption therefrom allowed. (*Adamski* v. *Wieczorek*, 181 Ill. 361.) Neither is a freehold involved in an ordinary proceeding by an administrator to sell real estate for the payment of claims allowed against an estate, where the only effect of the decree is to subject the lands to sale for the payment of such claims. (*Richie* v. *Cox*, 188 Ill. 276.) In this case the decree canceled the deed to Lena Campbell and ordered a sale of the full title and a distribution of the proceeds, so that the rule that one seeking to redeem has no right to the estate until payment of the redemption money, or that payment of the claims by the owner of the freehold relieves the property from the lien of the decree, does not apply, and a freehold is involved in the appeal.

The transaction between appellant and Moore consisted of the loan of money, which created an indebtedness, and the deed to appellant was in the nature of a mortgage to secure that indebtedness. The transaction was admitted to be of that nature in the verified answer filed by the appellant, but it is now contended that there was either a mere option or that there was no indebtedness and a mere privilege on the part of Moore to pay at any time during his life, and that after his death the right to pay ceased. The agreement was that Moore might pay during his lifetime, and there was an event certain to occur upon which the money would become due, so that there was no uncertainty when the indebtedness would mature. (*Shaw* v. *Camp*, 160 Ill. 425; *Beatty* v. *Western College of Toledo*, 177 id. 280.) The agreement that if Moore did not pay within the time fixed by the agreement the deed should be absolute was inoper-

ative, for the reason that parties cannot make a conveyance of land absolute in form as security for the payment of money by a given day, and provide that if payment is not then made the deed shall be an absolute conveyance. If an instrument is a mortgage of lands it remains a mortgage until the right of redemption is barred by some of the modes acknowledged by the law, and the right of redemption can not be cut off by an agreement of the parties. *Bearss* v. *Ford*, 108 Ill. 16.

Appellant objected to the claims which had been allowed and the court reduced one of them in amount but refused to reduce or disallow others, and it is insisted that the court erred in such rulings and that the claims allowed were unreasonable in amount. That is a question which does not concern the appellant, since he is a mere lienholder and his claims were made prior liens, to be first satisfied by the sale. He is not entitled to question the disposition of the balance of the proceeds. He also complains of the amount allowed to him as the enhanced value of lot 7 on account of the house which he placed on it. The amount allowed is based upon opinions of witnesses, and we cannot say that it is incorrect. A mortgagee in possession cannot make improvements on the land and charge the cost of them to the mortgagor. Appellant could not, by improving lot 7, charge Moore or his estate with the amount of his expenditure, but allowances may be made or denied in such cases according to the circumstances. (*Smith* v. *Sinclair*, 5 Gilm. 108.) As the property was to be sold, we regard it as equitable to allow to appellant for his improvements as much as lot 7 had been enhanced in value thereby, so that he will get what it brings in the market above what it would have sold for without the house.

The decree of the probate court is affirmed.

*Decree affirmed.*