# John R. Martin et al., Defendants in Error, v. P. J. Harsh et al., Plaintiffs in Error, and W. W. Rightsell, Defendant in Error.

BILLS OF REVIEW—*when do not lie.*    A bill of review does not lie because of error in the finding of facts by the court upon which the decree is founded.

Bill to review, etc. Error to the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1911. Reversed and remanded with directions. Opinion filed October 9, 1911. Rehearing denied November 8, 1911.

E. E. WRIGHT and W. K. WHITFIELD, for plaintiffs in error.

E. J. MILLER, for defendants in error.

MR. JUSTICE FROST delivered the opinion of the court.

At the March term of the circuit court of Moultrie county, 1908, all the defendants in error, except W. W. Rightsell, filed their bill to review a decree of the circuit court of Moultrie county that had been entered by that court in the case of P. J. Harsh against E. W. Sutton et al., wherein Harsh had exhibited a bill against the parties herein named as defendants in error, except Rightsell, to foreclose a certain mortgage upon a certain lot located in the village of Allenville, Illinois, and described as the west half of lot 5 in Allenville, Illinois, said mortgage securing a note for $210.50 of date February 22, 1905, given by E. W. Sutton and Joseph Sutton, to one Frank Glover, and endorsed by Glover to A. B. McDavid and by McDavid endorsed to Harsh. The foreclosure proceedings were contested and a decree was entered by the circuit court of said county at a term in September, 1906, ordering fore-

closure. All the defendants in that proceeding, excepting A. B. and Irene McDavid, prayed an appeal to this court, which appeal was allowed. No appeal or writ of error was ever prosecuted from that decree, and it stands in all respects in full force and unreversed. The bill to review sets out the entire proceedings in the foreclosure case, including the pleadings and all the evidence taken before the master and his findings, and the action of the court on the exceptions and the final decree of the court. The bill alleges several reasons why the original decree should be reviewed. Defendant in error, W. W. Rightsell, asked leave to be made a party and to file a cross-bill. This was allowed, but no cross-bill was filed by him. Plaintiff in error, Harsh, entered a motion to strike the bill to review from the files, which motion was overruled and Harsh filed a general and special demurrer to the bill. After a formal amendment to the bill, plaintiffs in error each filed a general and special demurrer to the amended bill; the demurrer was overruled by the court and plaintiffs in error elected to stand by their demurrer, and a decree was entered as prayed in the amended bill, setting aside the foreclosure decree as wrongfully entered, finding that Harsh was not entitled to a decree, setting aside the master's sale thereunder, and cancelling the certificate of sale issued by the master to P. J. Harsh. From that decree plaintiffs in error have brought the case on error to this court.

A reading of the bill of review shows that it seeks to have the former decree reviewed because of error in the finding of facts by the court upon which the decree was founded. This is not the office of a bill of review. As a general rule the question in bills of review is not whether the facts found in the decree under review are in accordance with the evidence, but whether the court has correctly applied the law to the facts as

found. Bruschke v. North Chicago Schuetzen Verein, 145 Ill. 433.

If the findings of fact are not supported by the proofs the remedy is by appeal or writ of error. Ebert et al. v. Gerding et al., 116 Ill. 216.

"The two grounds upon which a bill of review, or bill in the nature of a bill of review, will lie, are errors of law appearing on the face of the decree without further examination of facts, and new fact or facts discovered since the decree, which are material, and which it was impossible for the party to produce at the time the decree passed." Knobloch v. Mueller, 123 Ill. 554.

In regard to errors of law apparent upon the face of the decree the established doctrine is that you cannot look into the evidence in the case in order to show the decree to be erroneous in the statement of facts. That is the proper office of the court upon appeal. By taking the facts to be as they are stated to be on the face of the decree you may show that the court has erred in point of law. Story's Equity Pleading, (9th Ed.) sec. 407.

The decree herein will therefore be reversed and the cause remanded to the circuit court, with directions to sustain the demurrer to the bill of review.

*Reversed and remanded with directions.*