(No. 24499.—■■■■■■■■■)
DUSHA N. ELIEFF, Appellant, *vs.* THE LINCOLN NATIONAL
LIFE INSURANCE COMPANY *et al.* Appellees.

*Opinion filed October 13, 1938.*

FRANK F. TRUNK, (ALBIN DOMMERMUTH, of counsel,) for appellant.

BULL, LYTTON & OLSON, (ARTHUR S. LYTTON, and NORMAN A. BROHOLM, of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

On May 22, 1935, appellant, on leave granted, filed his original verified complaint in equity in the nature of a bill of review, in the circuit court of Cook county against the Lincoln National Life Insurance Company (herein called the insurance company) and the Semmes-Nein Investment Corporation and others, praying that a decree of foreclosure and sale entered in that court on June 16, 1933, and all orders and proceedings therein, in so far as they affect the appellant, be vacated and set aside, and for other relief.

The complaint, among other things, alleged that on April 29, 1932, the premises in question were conveyed to appellant by his brother Atanas P. Elieff, for a valuable consideration, and the deed therefor duly recorded the following day; that on May 27, 1932, the defendant insurance company filed its bill in the circuit court of Cook county to foreclose a trust deed on the property made by Atanas P. Elieff on August 7, 1925; that appellant was not made a party thereto nor did he enter his appearance nor authorize anyone else to do so; that on December 28, 1932, appellant

was made a defendant, by amendment, on leave granted; that no summons in that cause was ever issued or served on him; that on January 13, 1933, an answer in the form of a general denial was filed, purporting to be on behalf of appellant, by an attorney at law. The complaint then alleged that appellant was not acquainted with and did not know such attorney and did not at any time retain or employ him to file such answer, and had no knowledge that such answer was filed. The complaint further stated appellant did not have any actual or constructive notice of the pendency of the suit, and that the first notice he had in any manner was on December 26, 1934, when he was advised by his brother Manoli that suit had been instituted, proofs made, a decree of sale entered, the property sold and the period of redemption expired, and that the Semmes-Nein Investment Corporation was claiming ownership and had started a forcible detainer suit against Atanas P. Elieff to gain possession. The complaint further alleged that a certificate of sale was issued to the insurance company and thereafter, on October 13, 1934, a deed was issued by the master to the Semmes-Nein Investment Corporation acting on behalf of the insurance company. It also averred that defendant Atanas P. Elieff, on May 15, 1932, executed an assignment of rents to the insurance company on its express promise of an extension of time during the period of economic depression then existing in Chicago, and until further notice, and that it would not institute foreclosure proceedings under its trust deed without notice; that the money from the rent assignment was to be used to pay taxes, necessary repairs, and interest on the loan, and any balance applied on the principal. An answer substantially denying these facts was filed by the insurance company.

Later, the insurance company filed its motion to strike the complaint on the following grounds: (1) That appellant, as a defendant to the foreclosure suit, had not offered to comply with the terms of the decree by paying or offering

to pay the amount found due therein; (2) did not offer to surrender possession; (3) was precluded from the right to relief by reason of *laches;* (4) did not rely upon the so-called extension agreement, and, (5) did not allege any legal or equitable defense to the foreclosure. Appellant thereupon, by leave of court, filed a verified amendment to his complaint, alleging, in substance, that he was unable to comply with the terms of the decree because of lack of knowledge of it; that had he known of the decree at the time of its entry he could then have paid the amount found due; that upon learning of it, compliance was impossible due to the sale already had and the expiration of the period of redemption; that the decree had then been satisfied to the amount bid at the sale and appellant was not personally liable for the payment of the deficiency decree entered against his brother Atanas P. Elieff. He further alleged his financial inability to pay at the time his complaint was filed and at the time he first learned of the foreclosure decree, but stated that at the time the foreclosure was instituted, during its pendency and at the time the decree was entered, and for a long time thereafter, he did have sufficient assets and funds to have paid said mortgage and the amount found due by the decree, and would have paid the same if he had had knowledge of the facts which he would have known had he been served with a summons. The insurance company thereupon renewed its motion to strike the complaint, as amended, and on June 9, 1937, this motion was sustained and the complaint, as amended, dismissed for want of equity. From this order appellant prayed an appeal to the Appellate Court for the First District, and, on motion of the appellee insurance company, the cause has been transferred here, a freehold being involved.

A court of equity does not acquire jurisdiction of a defendant in a cause where no personal or constructive service is had on such defendant, nor his appearance entered either personally or by someone authorized and where no plead-

ings are filed in his behalf by his authority, and a decree entered in such case is void as to such defendant. (*Griggs* v. *Gear*, 3 Gilm. 2; *Bruschke* v. *Der Nord Chicago Schuetzen Verein*, 145 Ill. 433; *Borders* v. *Murphy*, 78 id. 81; *Anderson* v. *Hawhe*, 115 id. 33; *Leslie* v. *Fischer*, 62 id. 118.) "A decree obtained without making those persons parties to the suit, in which it is had, whose rights are affected thereby, is fraudulent and void as to those parties." Story's Eq. Pl. (10th ed.) sec. 427.

Appellees first charge the complaint was fatally defective in failing to allege performance, or excuse for non-performance, of the decree it attacks. As sustaining this contention appellees cite cases which we have examined and will analyze briefly. In *Kuttner* v. *Haines*, 135 Ill. 382, there was no question of service of process involved, nor was there any excuse for non-performance alleged. In *Griggs* v. *Gear*, *supra*, relief was granted on a claim similar to the one here involved, without performance, because defendants answered instead of moving to strike at the first opportunity. *Bruschke* v. *Der Nord Chicago Schuetzen Verein*, *supra*, reached the same result, and, further, held performance was not necessary to the jurisdiction of the court to entertain the bill.

"The decree must be first obeyed and performed before a bill of review can be brought; as if it be for land, the possession must be given up; if it be for money, the money must be paid; if for evidences, the evidences must be brought in, and so in other cases. But if any act be decreed to be done, which extinguishes the parties' right at the common law, as making of assurance or release, acknowledging satisfaction, cancelling of bonds, or evidences, and the like, it is declared that those parts of the decree are to be spared until the bill of review be determined." (Story's Eq. Pl. (10th ed.) sec. 406.) In a foot note to this section Story says, "There are other exceptions to the rule, as to the performance of the decree, than those stated

in the text; as for example, the party is not bound to perform any more of the decree than his adversary can show that he is bound to perform at the time when he seeks to bring a bill of review, and in regard to which he is in default." To the same effect see 2 Daniel's Chancery Practice, (8th ed.) p. 1331.

Bills of review, and the practice in respect to them, originated in the ordinances of the English chancery court for the better and more regular administration of justice in chancery. A full history of the practice on a bill of review is given in *Davis* v. *Speiden,* 104 U. S. 84, 26 L. ed. 660. After a discussion of the cases, on performance and excuse for non-performance, it is said: "The filing without performance is in the nature of privilege, not jurisdiction. The courts of some of the states have so treated it (*Forman* v. *Stickney,* 77 Ill. 575) and we are clearly of the opinion that such is the better practice and fully recognized by all the early English cases. Performance does not establish the error, but only makes it the duty of the courts, when called on in a proper way, to inquire as to any errors that may have been committed. Whether the courts will enter on such an inquiry without performance, depends upon the exercise of a sound judicial discretion applied to the facts of the particular case." In that case the matter excusing performance,—viz., insolvency,—was shown by an amendment, but relief was nevertheless granted, as it was also in *Forman* v. *Stickney, supra.*

The appellant, at the time of filing his complaint, could not comply with the decree since the amount due thereon was satisfied by the sale and conveyance of the property to the extent of the purchase price, and the deficiency decree for the balance was not against appellant. If appellant had been served with process the decree could do no more than deprive him of his property, which had been accomplished by the sale. He was under no obligation to comply with a void decree by paying another's debt or confirming a void

conveyance. No case has been cited where it is held performance of a decree is required where it is void for want of process served upon defendant.

However, there is a cogent reason why the appellees are not in a position to complain of non-performance. The record shows that on January 31, 1935, there was filed in the circuit court a notice signed by the attorney for appellant, addressed to the various attorneys of record in the foreclosure suit, stating that on that day he would appear before that court and present the petition of appellant here "together with a bill of review, copies of which said petition and bill of review are hereto attached," and asked that an order be entered permitting the bill to be filed. It further appears that the attorneys to whom such notice was addressed all acknowledged receipt of a copy of the notice, petition and bill of review on January 30, 1935. The petition for such leave was actually filed on April 17, 1935. The record further shows that appellees did not move to strike the petition on the ground of failure to perform or for any other reason, but, on the contrary, on the day the petition was filed they filed an answer to it, and lack of performance or the tender thereof was not therein raised. Appellees assert, however, that this appeal is from the order striking the bill and, therefore, any pleadings relative to the petition for leave filed in the foreclosure case are not herein involved as a part of the issues. We do not share that view. A copy of the purported bill and of the petition for leave was attached to the notice receipted for by appellees on January 30, approximately two and one-half months prior to the actual filing of the petition. If appellees desired to urge the question of non-performance, it was their duty to raise that question upon their first appearance by motion to strike or to dismiss the petition. Having answered the petition, they are now estopped to raise the question. *Griggs* v. *Gear, supra; Bruschke* v. *Der Nord Chicago*

*Schuetzen Verein, supra;* 1 Puterbaugh's Chancery Pl. and Pr. (7th ed.) sec. 338; *Forman* v. *Stickney, supra.*

What we have heretofore said also answers appellees' argument that the bill of review, as amended, cannot be maintained because the amendment setting forth the excuse for non-performance was not filed within two years from the rendition of the decree attacked. The amendment, as such, did not state a new cause of action.

The assertion by appellees that appellant was guilty of *laches* in filing his complaint, also is without merit. The petition for leave alleged that plaintiff had learned of the foreclosure for the first time on December 26, 1934. The petition for leave was filed a little over thirty days thereafter and the complaint was filed at the time the order allowing it was entered.

Lastly, it is asserted that the complaint is fatally deficient in failing to allege a defense. Regardless of defenses appellant has been deprived of the right of redemption. If everything said in appellees' brief be true, still the appellant had a right to be notified to enable him to know when he would be finally foreclosed of redemption, and of this right he was deprived. It is to be borne in mind that the basis of the instant bill for review is the lack of any knowledge of the institution, pendency or conclusion of the original chancery proceeding, the want of service, actual or constructive, or of appearance, and the absence of representation in the suit by anyone authorized. We have not found, nor been referred by counsel to, any previous decision of this court in a similar situation where an allegation of a good defense to the original equitable action was held obligatory.

It would indeed be strange if an equity of redemption, which may not be lost by contract, (*Halbert* v. *Turner,* 233 Ill. 531; *Williams* v. *Williston,* 315 id. 178;) can be cut off in a court of equity by a foreclosure without service of

process. With respect to the rights of one against whom a judgment is rendered without process, the reasoning of *Walker* v. *Cook, 294* Ill. *294,* is persuasive.

The allegations of appellant's complaint, as amended, stated a good cause of action. The trial court was in error in sustaining the motion of appellees to dismiss it.

The order of the circuit court of Cook county dismissing the amended complaint for want of equity is, therefore, reversed and the cause is remanded to that court, with directions to overrule the motion to dismiss and to order the appellees to answer the complaint, as amended.

*Reversed and remanded, with directions.*