JOHN H. CUMMINS, Plaintiff in Error, *v.* JOHN D. CUMMINS, Defendant in Error.

ERROR TO JOHNSON.

In chancery, an answer is evidence only so far as it is responsive to the allegations of the bill.

When matters in discharge are stated in the answer, they must be proven, unless in cases where the same matter or statement that creates the charge also shows its discharge.

T. G. C. DAVIS, for plaintiff in error.

H. B. MONTGOMERY, for defendant in error.

SCATES, J. This bill was filed by the ward against the testamentary guardian for an account, charging that lands and moneys had come into his hands as guardian.

The guardian answers, admitting that in recovering the estate of the ward out of the hands of the executor of the will,

he had acquired title to certain lands purchased under an execution on a judgment against the executor for $418.75, and conveyed to him on 7th November, 1843. He admits assets to the value of this land to be $427.12, and then states and sets up an account for maintenance and education and expenses exceeding the assets.

The cause was heard upon bill, answer, replication, and exhibits, without proofs, and the bill dismissed.

This is erroneous, according to the rules of pleading; the answer is evidence only so far as it is responsive to the allegations of the bill; so far as matters in discharge are stated in the answer, they must be proved, unless in cases where the same matter or statement that creates the charge, shows also its discharge. Here it was a distinct and independent matter, and should have been proven. 12 Pet. R. 191; 1 Greenl. Ev. § 351; 2 Story's Eq. Jur. §§ 1528, 1529. Upon these principles complainant was entitled to a decree for an account.

The dismissal was erroneous in another respect. Courts of equity exercise a strict supervision over the expenditures of guardians, requiring the application of the income of the estate to the support and education of the ward to be satisfactorily shown, so far as needed for that purpose, and the surplus, if any, to be kept productive. But they seldom sanction the use of the principal, even for these purposes, unless a very clear case of its necessity is made out, to the court, for so ordering. 2 Fonbl. Eq. 473, 474; Davis, Adm'r, *v.* Harknesse et al. 1 Gilm. R. 177; Davis et al. *v.* Roberts, 1 S. & M. 553.

Much stricter still is the rule when a guardian breaks in upon the principal, without first obtaining an order of a proper court, authorizing him to do so. 1 Gilm. R. 177.

The decree is reversed, and the cause remanded.

*Decree reversed.*