THOMAS HIGGS, Plaintiff in Error, *v.* EDWARD FRENCH, Defendant in Error.

### ERROR TO PEORIA.

Where A receives money from B, upon an agreement to convey land to B, and A has no title to the land, but offers a quit claim to other land in lieu thereof, and B has also furnished money to A, to pay taxes, etc., A all the while retaining possession of the papers, equity will compel a discovery and an account, and a repayment of the money received, with interest.

THE decree in this case in the Circuit Court of Peoria county, was rendered by PETERS, Judge, at January term, 1854. The facts of the case are stated in the opinion of the court.

N. H. PURPLE, for Plaintiff in Error.

MANNING and MERRIMAN, for Defendant in Error.

SKINNER, J. French filed his bill in equity in the Peoria circuit court against Higgs, alleging that in the year 1838, Higgs made a contract with French to sell and convey to French a tract of land in McDonough county, Illinois, for two hundred and fifty dollars, for which amount French executed to Higgs his promissory note ; that French has paid the note ; that some two years before the filing of the bill, French and Higgs had a settlement of the matter of the note ; and that the same was then canceled, and a new note given for the balance due on the same ; that in said settlement twelve per cent. per annum interest was allowed on said note ; that the last note had been fully paid, with twelve per cent. interest thereon ; that French could not read or write, and confided the whole matter to Higgs, who kept all papers between them, made all settlements, and drew up all writings relating to the transaction ; that French had no knowledge of the contents of any such papers, except as informed thereof by Higgs ; that Higgs pretended that he was the owner of the tract of land bargained to French ; that French had never seen the land, and bargained for it wholly confiding in Higgs ; that he did not know the description of the land, for the papers relating to the trade were retained by Higgs, and in his possession ; that some two years after the trade was made, Higgs, together with one Crane, made out a deed of general warranty of good title to French, for the tract of land, and acknowledged the same before a justice of the peace, but that said deed was never delivered ; that afterwards Higgs represented to French that he had made the contract and deed to French for land he did not own, and that he owned another tract of land in the same county, which he would substitute in lieu thereof, which French assented to, provided it should be of equal value, and Higgs would execute a deed of general warranty to French of the same, to which Higgs agreed ; that since the year 1838, French has paid Higgs divers sums of money to pay the taxes on the land, and expenses attending the same ; that he has no receipts therefor, having left the whole business to Higgs, and cannot state the full amount of the same ; that Higgs has no title to the land so substituted ; that French had often called upon Higgs for a deed for the same, of a general warranty,

which said Higgs refused to execute; that Higgs refuses to pay back the purchase money, paid by French for the land; that French cannot give the description of the land, and has no means of knowing the same.

The bill prays for an account and decree for the money paid, with interest, and for general relief.

Higgs answered under oath.

The answer admits the making of the first agreement and execution of the note as alleged, but denies that the note has been paid; alleges that the deed made out by him under the first agreement misdescribed the land; admits that it was a deed of general warranty, and files the same with his answer; alleges that upon discovering the mistake in the description, and that the land in consequence thereof, had been sold for taxes, he proposed to French to take in lieu thereof, another tract; that it was then agreed that French should take a deed of quit claim from Higgs for the S. W. 32, 6 N. 1 W., in the same county, and that Higgs should throw off from the amount due him, fifty dollars; that the amount due was then computed on the first note, and a note given for the balance, by French to Higgs, after deducting the fifty dollars; admits that the notes drew twelve per cent. interest, and that the last note has been paid; alleges that Higgs has good title to the land, and that he in the year 1843, made out and acknowledged a quit claim deed for the land last contracted for, to French, and left the same with one Emery for French; that French was present and agreed to accept the deed, in full compliance of the last agreement; that the deed contained another tract of land, which one Crane was to convey to French, and was therefore left with Emery for Crane to execute; that since then he has not seen the deed, is informed that it is lost, and that French never took it; admits that French furnished money to pay taxes, but does not state to what amount; alleges French could at any time have taken the deed, and that Higgs is still ready to execute a quit claim deed for the land under the last agreement; denies fraud, etc.

This answer was excepted to, but the record fails to show any disposition of the exceptions. The cause was heard upon bill, answer, replication and evidence. The evidence shows that in October, 1844, Higgs sued French on a promissory note, dated November, 1843, executed by French to Higgs, calling for $61, and drawing 12 per cent. interest per annum; that judgment was rendered upon the same against French, and that the judgment is satisfied; that the note was given for a balance due from French to Higgs, for land sold by Higgs to French; that Higgs, on the 12th of November, 1844, executed to French a receipt in full, on payment of the judgment; that French fre-

quently paid Higgs money to pay taxes on the land; that Higgs, in conversation with a third person, said he had made French a deed for the wrong land, and he was to throw off fifty dollars and give French a quit claim deed to another tract; that a dispute arose concerning the quit claim deed, and Higgs said it was as good as a warranty, and claimed to have good title to the land; that Higgs said it did not make much difference what sort of a deed he gave French, for he was an ignorant fellow; that the papers between Higgs and French were kept in Higgs' possession; that the S. W. 32, 6 N. 1 W. was patented by the United States unto one Benjamin Pettitt. No proof was made of title to the land in Higgs.

A decree was rendered in favor of French, and against Higgs, for $399.50, the amount which, with interest, the court found French had paid Higgs on the land contract.

Higgs appealed to this court, and assigns for error the rendition of the decree against him.

It is difficult from the record, to avoid the conclusion that French is an ignorant, confiding person, and that his confidence was misplaced. The parties appear to have resided in Peoria county. French, in 1838, contracts with Higgs for land in McDonough county, and executes to Higgs his note for $250, drawing 12 per cent. interest per annum; a deed of general warranty is drawn up, signed and acknowledged by Higgs, for the land to French, but never delivered. In 1843, Higgs discovers a mistake in the description, the old note is given up and a note of $61 executed for the balance due, drawing 12 per cent. interest. This note is collected; Higgs draws up, signs and acknowledges a deed of quit claim to French for another tract of land, and deposits it with one Emery; this deed is lost and never delivered; French pays Higgs for taxes; Higgs keeps the papers relating to the transaction. This is certainly extraordinary.

The answer sets up an agreement for a quit claim deed. This being new matter, not responsive to the bill, is for Higgs to prove. He fails to make any such proof. The court was justified in finding that Higgs had received money from French upon an agreement to convey land to French (not merely to execute to him a quit claim deed), and that Higgs had no title thereto.

The evidence showed the title to be in another, and if Higgs had title, it devolved on him to prove it.

The papers relating to the transaction were in the possession of Higgs. The amount of money paid Higgs, with which to pay the taxes on the land, was known to Higgs and French only. A discovery and account is prayed, and in such a case, equity will take jurisdiction.

The whole transaction raises a strong presumption of fraud. *Cummings* v. *Cummings*, 15 Ill. 33 ; *Nelson* v. *Rockwell*, 14 Ill. 375 ; *McArtee* v. *Engart*, 13 Ill. 242 ; *Lockridge* v. *Foster et al.*, 4 Scam. 573 ; *Kennedy* v. *Northrup et al.*, 15 Ill. 148.

The record shows a case entitling French to an account of moneys paid, and to a decree for repayment with interest.

*Decree affirmed.*