## WILLIAM WINKELMAN
### *v.*
## JOSEPH G. CHOTEAU *et al.*

1. FAILURE OF CONSIDERATION. Where A executed his promissory note, payable to B, and delivered it to C, for the purpose of having it discounted, and C delivered the same to B, but B paid nothing for it: *Held*, that there was a failure of consideration, and that B could not recover in a suit on the note against A.

2. And the fact that A was indebted to B at the time of giving the note to him, and that B told C to collect the note and give the firm of which B was a member credit for it, will not entitle C to recover on the same, where it appears that the note was not given on account of the indebtedness of A to B.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. WILLIAM WINKELMAN, *pro se.*

Messrs. G. & G. A. KŒRNER, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by appellees against appellant, on the following promissory note, under seal:

"Nine months after date, I promise to pay Chouteau & Edwards, or order, the sum of three hundred dollars, with ten per cent interest from date till paid, for value received.

This 29th day of March, 1860.

WILLIAM WINKELMAN, [L. S.]
ELIZABETH WINKELMAN, [L. S.]"

Among other pleas filed by appellant, is the following:

"And for further plea in this behalf, the defendant says *actio non*, because, he says, that the several causes of action in the several counts of declaration are for one and the same thing, to-wit: the promissory note in the first count of said declaration, and for no other cause whatever. Defendant further avers that said note was entered into and executed by defendant without a good or valuable consideration received by this defendant, or otherwise; that said note was executed by this defendant, not to secure any debt due and owing from this defendant or otherwise, but was executed wholly and solely for the purpose of then and there borrowing from said plaintiffs the sum of three hundred dollars, which this defendant never received *or otherwise been* advanced by said plaintiff said sum of three hundred dollars, or any part thereof, although defendant has, after the execution of said note, often requested said plaintiffs to advance to this defendant the sum of money last aforesaid; but said plaintiffs have wholly failed to so advance the said sum of three hundred dollars, or otherwise; wherefore defendant says, that the consideration of said note has wholly failed, and this defendant is ready to verify, wherefore he prays judgment," etc.

Replication was filed to this plea, traversing the facts pleaded, upon which issue was joined.

It is unnecessary to notice the issues on the other pleas.

On the trial, appellant testified that he executed the note for the sole purpose of having it discounted and obtaining a loan of money thereon from the plaintiffs; that he left it with one Herbert, to be used for that purpose; that he never authorized him to use it for any other purpose; that he never received anything thereon, and that he was not indebted to the appellees.

One of the appellees, James C. Edwards, testified that the note was presented to him, by Herbert, a few days after its date, with a request that he would have it discounted; that he took the note and tried to get it discounted, but was unable to do so; that, two or three days after that, Herbert came to him with a gentleman represented to be the appellant; that he informed them he had failed to get the note discounted, but that he would try it again; that about half an hour after Herbert and the gentleman with him left, Herbert returned again, and told witness to put the note away and collect it if he could, and give the firm of which Herbert was a member credit therefor.

It appears that appellant was indebted to Herbert when the note was given, but he positively denies that this note was given on account of that indebtedness, and appellees do not pretend he ever owed them anything.

Appellees do not occupy the position of assignees in good faith, without notice; they are simply payees, and if the evidence in the record can be trusted, there was a failure of the consideration for which the note was executed.

We think the defense set up in the plea is proved, and the judgment must, accordingly, be reversed, and the cause remanded.

*Judgment reversed.*