Wright v. Comley.

Reversed.

## JOHN M. WRIGHT
### v.
## JOHN E. COMLEY.

1. GUARDIAN AND WARD—KEEPING DOWN INCUMBRANCES.—Where a guardian, without an order of court, made payment from the income and profits of his ward's estate for taxes, interest and payment on the mortgage debt, and these payments were manifestly for the benefit of the ward, and absolutely essential for the preservation of his estate, the guardian should be allowed these items in his settlement.

2. POWERS OF GUARDIAN—STATUTE OF "GUARDIAN AND WARD."— While the above power is not one of the powers enumerated in our statute as vested in the guardian, yet the statute of "Guardian and Ward" was not designed as a complete code, and except as therein otherwise provided, the common law regulating the powers, duties, rights and liabilities of guardians is left in force.

3. DUTIES OF GUARDIAN AND ADMINISTRATOR.—Where the taxes on the bond had accrued and were due before the death of the ward's father and were not paid by the administrator, it was proper that the guardian should pay the same, for the taxes and mortgages were direct and immediate charges and liens upon the realty, and that was vested in the ward, and upon the guardian devolved the duty of its care and management. The administrator is not bound to protect the real estate and to it he is an utter stranger.

APPEAL from the Circuit Court of Randolph county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 18, 1884.

Mr. H. CLAY HORNER, for appellant; that the guardian not only *may* keep down interest on incumbrances and pay off the principal, but it is his *duty* to do so without any order of court, cited Chambers' Chancery Jur. of Infants, 529; Bingham on Infancy and Coverture, 173; Schouler's Domes-

tic Relations, 467; Ronald's Heirs v. Barkley, 1 Brock. 361; Palmer v. Danby, 1 Eq. Ab. Cases, 261; Dennis v. Budd, 1 Eq. Ab. Case, 261; Earl of Winchelsea v. Norcliff, 1 Vernon, 436; Hooper v. Eyles, 1 Eq. Ab. Cases, 261; Jennings v. Look, 1 P. Wm. 278; Zoach and Loyd's Case, 2 Vernon, 192.

In these accountings the county court has chancery jurisdiction, and is governed by chancery precedents subject to statutory modifications: Bond v. Lockwood, 33 Ill. 212; In re Steele, 65 Ill. 424.

" Maintenance," " Advancement " and " Easing the land from incumbrance," are classes of expenses governed by widely different rules of law: Chambers on Infants, 529; Andrews v. Partington, 3 B. C. C. 60; Eyre v. Count of Shafts-bury, White & Tudor L. C. 1472–1481; as to rule in Eng., 1503; as to rule in U. S., Perry on Trusts, § 618; Davis v. Harkness, 1 Gilm. 178.

Mr. A. G. GORDON, for appellee.

BAKER, J.   William Comley died in April, 1873, seized of certain real estate, and leaving five children and no widow.

Appellant was appointed guardian of appellee and the other minor children.

The land was worth $2,400, but was incumbered with overdue mortgages amounting to $975, besides accrued interest, and with the taxes of 1876 and 1877, amounting to $38.52.   The premises were being advertised for sale for these taxes, and it is admitted the mortgages would have been foreclosed had not appellant paid the accrued interest and $200 of the principal.   Appellant charged himself in his account as guardian with the rents of said lands from 1878 to 1882, inclusive, aggregating $860.01, or rather as respects appellee, with one fifth of said sum.   He also asked to be credited, among other things, with one fifth of the $38.52 paid by him for back taxes, and of the $200 payment on principal of mortgage debt, and of $287.50 interest paid on the mortgages, part of said interest having accrued prior to the decease of his ward's father, and part since.

Wright v. Comley.

It is also admitted the land has increased in value, since the death of the father, $600, and is now worth at least $3,000. It further appears that neither said taxes nor said mortgage debts have been presented to or allowed by the county court against the estate of the deceased; and also that no order of the county court, directing the payment of said taxes, interest or $200 of principal debt was made. The controversy grows out of the refusal, both of the county and of the circuit courts, to allow the guardian, in his settlement, these items for taxes, interest and payment on principal debt. These credits, claimed by the guardian, should have been admitted. These payments made were manifestly for the benefit of the ward and absolutely essential for the preservation of his estate. A guardian may relieve his ward's real estate from a mortgage or lien, which, if left unredeemed, would probably destroy the ward's interest, and he may do this without first making application to a court. See decision of Chief Justice Marshall, in Roland's Heirs v. Barkley, 1 Brock. 356, and 2 Perry on Trusts, § 607. Where there are incumbrances on an infant's real estate the guardian must keep down the interest out of the rents and profits, and the guardian may, without the direction of the court, pay the interest of any real incumbrances, and the principal of a mortgage, because that is a direct and immediate charge upon the land. McPherson on Infants, * p. 285. Taxes assessed upon real property are also a direct and immediate lien thereon. R. S., Ch. 120, § 253.

The decisions of the Supreme Court in Davis v. Harkness, 1 Gilm. 173, Cummins v. Cummins, 15 Ill. 33, Cummins v. Cummins, 29 Id. 452, and Bond v. Lockwood, 33 Id. 212, do not control this case, as the expenditures involved in those controversies were for the maintenance and support of the infant.

It is true the power here in question is not one of the powers enumerated in our statute as vested in the guardian; but the statute of " Guardian and Ward " was not designed as a complete code, and, except as therein otherwise provided, the common law regulating the powers, duties, rights and liabilities of guardians, was left in force. Bond v. Lockwood, *supra*.

It is also urged the taxes on the land had accrued, and were due before the death of William Comley, and should have been paid by his administrator. Even were this so, yet they were not paid by him, and neither they nor the mortgage debts were either presented or probated against the estate of the deceased, although both characters of indebtedness might have been if the holders thereof had been so advised. But as we have seen, both the taxes and mortgages were direct and immediate charges and liens upon the realty, and that was vested in the ward, and upon the guardian was imposed the duty of its care and management. The administrator is not bound to protect the real estate, and to it he is an utter stranger. Stone v. Wood, 16 Ill. 177. It would be safer and advisable the guardian should, where it is practicable, and especially in cases of doubtful propriety, act under the direction of the court in discharging incumbrances on the land of the minor; but where he has acted in good faith and advisedly, and his acts have been beneficial to the interests of the ward and have had the effect of preventing a foreclosure and the loss of the estate, and such result has been accomplished by using the income and profits of the estate and without encroaching upon the principal of the trust property, justice would seem to require the approval of such acts. The judgment will be reversed and the cause remanded with instructions to allow the items of charge in controversey.

                                    Reversed and remanded.