| 28 | 541 |
|-----|-----|
| 107 | 313 |

David A. Watts et al.

v.

James H. Stoltz et al.

*Injunctions — Dissolution—Damages — Suggestion of School Tax — Change of Venue.*

1. Upon a bill to enjoin the collection of a certain school tax, it is *held:* That the order changing the venue to another county, though very in-

formal, was sufficient; and that, in the absence of anything to the contrary, it will be presumed that the original files were duly transmitted.

2. To sustain an allowance for damages upon a dissolution of an injunction, the evidence should be preserved in the record or the decree should contain such a recital of the proofs as to justify such allowance.

[Opinion filed May 25, 1888.]

IN ERROR to the Circuit Court of Clark County; the Hon. J. W. WILKIN, Judge, presiding.

Messrs. BELL & GREEN, for plaintiffs in error.

Mr. E. CALLAHAN, for defendants in error.

WALL, J. This was a bill in chancery, filed in the Circuit Court of Lawrence county, by the plaintiffs in error, against a part of the defendants in error, to enjoin the collection of a certain school tax. A writ of injunction was obtained on filing the bill. The defendants in error who were not made defendants in the bill as originally filed, were, on their own application setting up an interest in the subject of the controversy, allowed to come into court as defendants and answer the bill. At the August term, 1886, of the Lawrence Circuit Court, the venue was, by agreement, changed to Clark county, and at the term of court in the latter county held in October of the same year the cause was heard and the bill dismissed.

A suggestion of damages on account of the improper issuance of the injunction was then presented to the court, but the hearing of this matter was not had until the April term, 1887, when damages were assessed at $57.50.

It does not appear that the plaintiffs in error, or the original defendants to the bill, followed the case to Clark county, and the action of the court in hearing the case was at the request of the other defendants to the bill.

It is now assigned as error, first, there was no order of the Circuit Court of Lawrence county changing the venue to Clark county. The order relied upon is in these words: "And

Watts v. Stoltz.

afterward, to-wit, on the seventh day of the term came again the parties herein, by their solicitors, and by agreement a change of venue was taken to Clark county, Illinois, and the clerk was ordered to transmit papers in the case." This is certainly a very informal entry for such a purpose, but it was the order of the Circuit Court of Lawrence county, and its purport and meaning can not be misunderstood. We regard it as sufficient.

It is assigned as error, second, that the Circuit Court of Clark county erred in taking jurisdiction, for the further reason that there is nothing in the transcript sent by the clerk of the court in Lawrence county to show that the papers transmitted were the original files of the court in the case. There is nothing in the certificate to show that any papers were so transmitted, but it is evident that the papers in the case came to the hands of the clerk of the court in Clark county, and it is to be presumed this was done in the mode required by law. The statute does not, in terms, require any particular certificate by the clerk of the county from which the case is sent, that the papers transmitted are the original papers, but the usual practice is to do so and to refer to them by such description as will identify them.

It was the duty of all parties interested in the case to follow it to Clark county, and if there was any want of a certainty in the certificate, or any failure to forward all the files, the orders necessary to obviate the trouble would have been promptly made. It is not suggested that the papers were not all sent, but that it does not appear that they were.

We will presume that the duty of the clerk of the Lawrence Court was properly performed, the law not requiring any particular evidence of the performance, and there being no reason to infer to the contrary.

It is also assigned as error, that there was no written suggestion of damages filed in the Circuit Court of Clark county. This objection is obviated by an amendment to the record filed in this court at the instance of defendants in error, from which we find that there was a formal suggestion which had been filed in the case before it left Lawrence county, and which

was filed in Clark county on the 15th of October, 1886. The certificate of the Circuit Court of Lawrence bears date October 14, 1886. The hearing of the cause resulting in the dismissal of the bill and a motion for assessment of damages occurred on the 29th of October. The October term of the Clark Circuit Court, 1886, began according to law on the third Monday, being the 18th day of the month.

We think there is no such defect in the record as should work a reversal of the decree for the reasons thus far considered.

It is, however, objected that the evidence upon which the damages were assessed is not preserved. This is met by the suggestion that the findings of the court contain all that is necessary, in this respect, by way of recital.

The recital is that the court finds, after hearing the evidence, "that said defendants have sustained damages by reason of the wrongful suing out of the said injunction, by said complainants, in the sum of $50 for their solicitors' fees, and in the further sum of of $7.50 for personal expense of the solicitors of said defendants, while engaged in and about the business of procuring the dissolution of said injunction."

This is merely the conclusion of the court upon the evidence offered, but it does not amount to such a recital of the proof, as that it can be determined whether the conclusion reached was a proper one.

In the case of Albright v. Smith, 68 Ill. 184, the Supreme Court say: "Merely showing that the court heard evidence without showing what facts are proved, leaves us quite as much in the dark as we would have been, had the record merely shown the amount which was ordered to be paid. The record should show that the amount assessed as damages was authorized by the facts proved;" and the court referred to Goodwillie v. Millimann, 56 Ill. 525, where it was said in reference to fees in partition cases that, " as a rule of practice the evidence upon which such an allowance is made should be preserved in the record. Where such large sums are allowed and the rights of litigants are likely to be so materially affected, they should not be deprived of having the decree reviewed in an appellate court."

So in Spring v. Collector, etc., 78 Ill. 107, where an allowance of $200 for solicitor's fees was under consideration, the court say: "The evidence upon which the allowance was made was not preserved in the record, without which, as this court has frequently ruled, the decree can not be supported, and the recital here in the decree that the finding of the court was on evidence heard without showing what facts were proved was insufficient in this respect." The Supreme Court have been disposed from the beginning to supervise with care these assessments of damages, and have enforced with uniform strictness the rule stated.

The record before us does not contain such a recital of evidence or such a finding of facts as enables us to determine whether the conclusion reached was proper or not, and under the practice as settled by the decisions above referred to, Jevne v. Osgood, 57 Ill. 340, and others of like effect, we feel compelled to reverse so much of the decree as relates to the assessment of damages. The decree dissolving the injunction and dismissing the bill is affirmed, but the decree entered at the April term, 1887, assessing damages, will be reversed and the cause will be remanded for further proceedings in that behalf. The costs in this court will be equally divided, each party to pay one half.

*Affirmed in part and reversed in part.*