# HENRY CURTIS

v.

# ABNER M. WRIGHT ET AL.

*Injunctions—Dismissal—Damages—Practice.*

A suggestion of damages filed upon the dissolution of an injunction may be disposed of subsequent to the term when the decree was filed, the court having granted leave to file.

[Opinion filed May 5, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. BARNUM, EVANS & BARNUM and D. V. SAMUELS, for appellant.

Curtis v. Wright.

Messrs. FRANCIS A. RIDDLE and JOHN S. STEVENS, for appellees.

WATERMAN, J.  In this cause the Circuit Court, on the 25th of November, 1889, dissolved an injunction obtained by, and dismissed the bill of appellant; the order or decree of dismissal contained the following: "On motion, leave is granted the defendants to file a suggestion of damages herein."

At the February term, 1890, the defendants, appellees, appeared, and against the objections of complainant, appellant, the court proceeded to hear evidence and assessed complainant's damages at $100.

Appellant appeals, insisting that the court, the bill having been dismissed, had no jurisdiction thereafter, and at a subsequent term, to assess damages for the wrongful suing out of the injunction.  The suggestion of damages was filed November 25, 1889, the day upon which the order of dismissal was made.

In Watts v. Stoltz, 28 Ill. App. 541, it appeared that an injunction bill had been dismissed at the October term, 1886; a suggestion of damages was then presented, but was not heard until the April term, of 1887, when damages were assessed at $57.50.  It was held that the Circuit Court had, at said April term, jurisdiction to hear evidence as to and assess such damages.

In Wing et al. v. Dodge et al., 80 Ill. 564, the court say, as to damages upon the dissolution of an injunction, that "suggestions might be filed up to the time when the decree is filed, and if need be the court should hear and dispose of them afterward."

In Payer v. Village of Des Plaines, the object of the bill was defeated by the dissolution of the injunction, and the order made thereon was a final order; this was accompanied by an order granting defendants leave to file suggestion of damages, and the cause was continued until the next term, and so was regularly continued for several terms, the suggestions not being filed at the term at which the injunction was

dissolved; the assessment after the lapse of several terms was held proper.

We do not regard the case of Gerard v. Gateau, 15 Ill. App. 520, as in conflict with the rule announced in Wing et al. v. Dodge et al., and Watts v Stoltz, *supra*.

The judgment of the court below is affirmed.

*Judgment affirmed.*