Streit v. Cooke.

Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed by operation of law. Opinion filed July 17, 1900.

JOHN A. POST and O. W. DYNES, attorneys for appellant.

BRANDT & HOFFMANN, attorneys for appellee.

---

## Nicholas Streit v. J. Eston Cooke et al.

1. APPELLATE COURT PRACTICE—*Statement of Facts Not Supported by the Abstract.*—Statements of material facts, in a brief, not supported by the abstract, can not be considered here.

2. PRACTICE—*Filing Suggestions of Damages.*—Ordinarily the filing of suggestions of damages within the time allowed therefor is equiva-

lent to filing them as of the date the order is made; and the subsequent assessment of damages, after the bill has been dismissed, is a practice very common and often sanctioned.

**Bill for Injunction.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 17, 1900.

FRANK S. LENERT, attorney for appellant.

ENOCH J. PRICE, attorney for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This appeal questions an assessment of damages for solicitor's fees decreed to be paid to the defendants (appellees) in consequence of the wrongful suing out of an injunction by the appellant. The bill seems to have been one purely for injunction.

After a demurrer to the bill was overruled, the cause came on to be heard, upon a motion to dissolve the injunction, on bill, supplemental bill and answer.

Thereupon the injunction was dissolved and leave given to file a suggestion of damages within ten days, and inferentially, the bill was dismissed for want of equity.

The only pleading in the case, any part of which is shown by the abstract, is the suggestion of damages, and the claim of damages there made is wholly for solicitor's fees in and about procuring the dissolution of the injunction. The claim that the suggestion of damages is uncertain in its setting forth of the kind and character of damages, and by whom sustained, is, at the most, purely technical, and not sustainable.

That matter was referred to a master in chancery to take evidence and report the same with his conclusions. The master heard evidence amply sufficient, and reported that $175 was a usual, reasonable and customary fee for the services rendered by the defendants' solicitor in actually procuring the dissolution of the injunction, and that the defendants had made themselves liable therefor to said solicitor. The

Streit v. Cooke.

evidence showed that defendants had agreed to pay their solicitor at least that much for such services.

Upon a hearing of exceptions, by appellant, to the master's report, they were overruled, and a decree entered accordingly.

No evidence was introduced by the appellant which in any way attacked the amount awarded, nor does he claim in argument that the amount is unreasonable or excessive.

If we understand correctly appellant's position, it is that the order giving leave to file the suggestion of damages was premature, because, though entered after the injunction was dissolved, it was before the bill was dismissed, and that the actual filing of the suggestion was too late, because it was done after the bill was dismissed.

The abstract is deficient in respect of specificness as to dates. It does show that, by a single order of a named date, the injunction was dissolved and leave given to file a suggestion of damages within ten days.

Then it shows that two days later an application "to set aside the order * * * dissolving injunction, as also order dismissing the bill for want of equity," was denied. The fair inference from this last order is that the bill was dismissed at the same time the injunction was dissolved and leave given to suggest damages. We fail to discover anything more specific in respect to the time when the bill was dismissed, and therefore do not feel called upon to discuss the point, based upon a different assumption of facts, further than to say we regard it to be without merit. True, the argument of counsel proceeds on the assumption that the bill was dismissed on some date subsequent to the order giving leave to suggest damages, but statements of material facts, in a brief, not supported by the abstract, can not be regarded.

The suggestion of damages was filed within the time allowed by the order.

Ordinarily the filing of suggestions of damages within the time allowed therefor is equivalent to filing them as of the date the order is made; and the subsequent assessment

of damages, after the bill has been dismissed, is a practice very common and often sanctioned.

Some of the cases are referred to in Curtis v. Wright, 40 Ill. App. 494, which is, itself, an authority in point. There does not appear to be any other question in the record deserving especial consideration, and the decree will be affirmed.