## John Hovorka et al. v. John G. Hemmer, Doing Business as The Western Bowlers' Journal.

1.  INJUNCTIONS—*Hearing on Damages May Be Had After Decree is Filed.*—Where the suggestion of damages was filed before the entry of the final decree, the hearing and assessment thereon may be had at any subsequent term.

2.  CHANCERY PRACTICE.—*Where the Facts upon Which the Decree is Based are Fully Recited in the Decree.*—Where the facts upon which the decree is based are fully recited in the decree, it is unnecessary to preserve in the record the evidence heard by the court in order to maintain the decree.

Bill to Cancel an Agreement and for an Injunction.—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed March 30, 1903.

CHARLES F. LOWY, attorney for appellants.

CHURCH, McMURDY & SHERMAN, attorneys for appellee; WILLIAM A. BITHER, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

February 20, 1902, appellants filed a bill in the Superior Court for the cancellation of an agreement therein described, and for an injunction. Four days later they obtained an injunctional order restraining appellee from bringing any suit at law upon such agreement. March 17, 1902, upon a

hearing, this temporary injunction was dissolved, and leave was given to amend the bill. On the 19th day of the same month appellee filed his suggestion of damages. Three days thereafter the bill was amended. To the bill as amended appellee filed a general demurrer. April 29, 1902, the court sustained the demurrer and dismissed the bill for want of equity. The suggestion of damages was heard June 27, 1902, and a decree was entered fixing the damages of appellee by reason of the granting of such injunction at the sum of $50, and directing that appellee have execution therefor. From this action of the chancellor the present appeal was perfected.

The contention of appellants that, because the bill was dismissed at the April term, 1902, and the decree complained of was not entered until the June term following, the award of damages was unwarranted and erroneous, is not well taken. The suggestion of damages was filed before the entry of the final decree. In such case the hearing and assessment thereon may be had at any subsequent term. McWilliams v. Morgan, 70 Ill. 551; Wing v. Dodge, 80 Ill. 573; Stinnett v. Wilson, 19 Ill. App. 40; Watts v. Stoltz, 28 Ill. App. 541; Curtis v. Wright, 40 Ill. App. 494; Streit v. Cooke, 90 Ill. App. 257.

The facts upon which the decree is based are fully recited in the decree. For this reason it was unnecessary to preserve in the record the evidence heard by the court in order to maintain the decree. Durham v. Mulkey, 59 Ill. 91, and cases cited; Jones v. Neely, 72 Ill. 449.

The decree of the Superior Court is affirmed.