## Abraham L. Kreider, Appellant, v. Sterling National Bank, Appellee.

### Gen. No. 6,849.

1. EQUITY, § 511*—*proper form for decree.* Judgment that defendant "go hence without day" and that defendant have and recover from complainant its costs is not the proper form for a decree in chancery.

2. MORTGAGES, § 17*—*whether deed absolute in form is in fact a mortgage.* The question whether a deed absolute in form is in fact a mortgage depends upon the intention of the parties at the time of its execution.

3. MORTGAGES, § 31*—*burden of proving that deed is a mortgage.* The burden of proof rests upon a party asserting that an instrument, in form a deed, is in fact a mortgage and was so intended by the parties, but this does not necessarily require that there shall be no conflict in the testimony on the question, nor is positive evidence of the intention required.

4. MORTGAGES, § 32*—*evidence that deed is intended as mortgage.* The fact that the grantor in a deed absolute in form remains in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

possession of the property so conveyed, and controls it after the conveyance, is evidence tending to show that the transaction was in fact a mortgage, as is also the payment of taxes by the grantor.

5. EQUITY, § 210*—*what is effect of demurrer.* Upon demurrer all the allegations of the bill are to be taken as true, and where the allegations in an amended bill set out facts which, if true, showed that a deed was in fact a mortgage, and that complainant was entitled to an accounting, a demurrer should not have been sustained.

Appeal from the City Court of Sterling; the Hon. C. E. SHELDON, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed March 17, 1921.

H. C. WARD and H. A. BROOKS, for appellant.

A. A. WOLFERSPERGER and MCCALMONT & RAMSAY, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Appellant filed a bill in chancery against appellee. A demurrer was sustained to the bill, whereupon appellant took leave to file and did file an amended bill, to which a demurrer was filed and upon hearing thereon was sustained. Appellant stood by the amended bill. Thereupon the court entered judgment that the appellee "go hence without day" and that appellee have and recover from appellant its costs, which was not the proper form for a decree in chancery, from which judgment appellant has appealed.

The amended bill alleged, in substance, among other things, that while appellant was the owner of certain lands in Ogle county, Illinois, on May 28, 1910, he became indebted to appellee in the sum of $10,000 for borrowed money and entered into a contract with A. A. Wolfersperger, general attorney of appellee, whereby it was agreed that appellant should convey said lands to said Wolfersperger to secure said loan of money, and to secure any other loan which appellee

might make appellant, and that thereafter at various times appellee loaned appellant various sums of money and took from him his promissory notes, the amount of which said notes is unknown to appellant although he had requested of appellee an itemized statement thereof; that pursuant to said contract appellant conveyed said land to said Wolfersperger; that afterwards by agreement between appellant, appellee and said Wolfersperger, said Wolfersperger by deed conveyed to appellee said lands; that at the time said deed was made from said Wolfersperger to appellee, appellee knew that said Wolfersperger held said deed as security and to indemnify them against any loss which appellee might sustain by reason of the failure of appellant to pay the money so borrowed from appellee and knew that said deed was a mortgage in fact; that when said deed was made it was agreed orally between appellant and appellee that appellee should hold said deed to secure the money loaned to appellant and that on the repayment of said money to appellee and the payment of all notes of appellant purchased by appellee from third parties, appellee would reconvey said premises to appellant; that said conveyance should act and be as security for such moneys, that appellant, pursuant to such agreement, at various times borrowed sums of money of appellee and gave promissory notes therefor; that appellant has from year to year paid the interest on the borrowed money except the years 1918 and 1919; that as nearly as he is able to state, appellant has borrowed from appellee $24,000; that appellee on March 1, 1919, without the knowledge and consent of appellant, by written contract, sold said premises to one Amos Fry, for the sum of $21,000, and that said Fry entered into possession of said premises and now has possession of the same; that said premises at the time of said sale were worth at least $30,000; that upon an accounting appellee would be owing appel-

lant $6,000; that said deed from appellant to said Wolfersperger was in fact and in law a mortgage and that when said Wolfersperger conveyed by deed said premises to appellee said deed was in fact and in law a mortgage and made for the sole purpose of securing the amount of money paid out and loaned by appellee to appellant; that appellee under the agreement with appellant held said deed on March 1, 1919, as security for $24,000, and had no right in law to sell said premises except in a court of equity on foreclosure of said mortgage.

The bill prays that said deed may be decreed to be a mortgage and that an accounting may be had and that appellee may be required to pay to appellant the difference between what appellant owes appellee and the fair cash market value of the said lands.

Appellee's contention is, as stated in its brief and argument: "that the terms of the agreement made at the time of the conveyance from Wolfersperger to appellee, at the request of appellant as stated in the amended bill, constitute a mere option to repay the amounts mentioned in said amended bill when appellant should decide so to do, if he should ever so decide, and in that event said premises should be reconveyed to him by said appellee."

It is frequently a difficult question to determine whether a deed absolute in form is a mortgage or a deed absolute with an option to repay the purchase money and receive a conveyance of the property. The solution of this question depends upon the intention of the parties at the time of the execution of the deed.

In *Totten v. Totten,* 294 Ill. 70, is to be found the following interesting resumé of the authorities bearing upon the subject: "There can be no question that a deed takes effect from its delivery and that its character at the time of such delivery becomes fixed as of that time. (*Bearss v. Ford,* 108 Ill. 16.) The question whether a deed which is absolute in form

is to be taken as a mortgage depends upon the intention of the parties in that regard at the time of its execution. This intention may be found from the papers themselves or by the aid of extraneous evidence, which, when clearly ascertained, will govern the decision. (27 Cyc. 1007.) 'Parol testimony is admissible to show a conveyance in form absolute or on condition to be a mortgage, not only as between the parties and their successors but also as against one who derived his title from the grantee without paying any valuable consideration therefor.' (19 R. C. L. 254.) 'The gist of the inquiry in cases of this class is, what was the purpose for which the deed was executed? And it will be found by reference to the cases that every fact or circumstance tending to illustrate the purpose and intent of the parties is receivable as evidence.' (*Darst v. Murphy*, 119 Ill. 343.) 'Whether any particular transaction does * * * amount to a mortgage or to a sale with a contract of repurchase must to a large extent depend upon its own special circumstances, for the question finally turns, in all cases, upon the real intention of the parties as shown upon the face of the writings or as disclosed by extrinsic evidence. * * * If there is an indebtedness or liability between the parties, either a debt existing prior to the conveyance or a debt arising from a loan made at the time of the conveyance or from any other cause, and this debt is still left subsisting, not being discharged or satisfied by the conveyance, but the grantor is regarded as still owing and bound to pay it at some future time, so that the payment stipulated for in the agreement to reconvey is in reality the payment of this existing debt, then the whole transaction amounts to a mortgage, whatever language the parties may have used and whatever stipulations they may have inserted in the instruments.' (3 Pomeroy's Eq. Jur.—3d Ed.—sec. 1195.) The preliminary negotiations leading

up to the transactions, as well as the statements of
the parties at and after the execution of the instru-
ment, may be admitted in evidence, although there
is not entire harmony in ruling on this question.
'However, the better doctrine, on both reason and
authority, seems to support the view that such evi-
dence may of itself be sufficient for that purpose if
it proceeds from a trustworthy source and is unam-
biguous in its import. It is important to note here
that as the ultimate and essential point to be deter-
mined in every case in which it is sought to convert
an absolute instrument of transfer into a mortgage
is the intention of the parties at the time when the
instrument was executed, their subsequent statements
are relevant evidence only in so far as they have a
bearing on that intention.' (19 R. C. L. 257.) In
determining whether a deed absolute on its face was
intended to be a mortgage the court is not restricted
to any particular kind of evidence but may take into
consideration almost any pertinent matters which
tend to prove the real intention and understanding of
the parties and the true nature of the transaction in
question. (27 Cyc. 1019.) While there can be no
question that the burden of proof rests upon the party
asserting that an instrument in form a deed is, in fact,
a mortgage and was so intended by the parties, yet
that does not necessarily mean that there shall be no
conflict in the testimony on the question. Positive
evidence of the intention is not required. It is suffi-
cient if the evidence of the intention to make the in-
strument a mortgage be clear and convincing, even
though conflicting. (8 Encyc. of Evidence, 718, and
authorities cited; *Hartley's Appeal,* 103 Pa. St. 23.)
The fact that the grantor in a deed absolute in form
has remained in possession of the property so con-
veyed and controlled the property after the convey-
ance is evidence tending to show that the transaction,
in fact, was a mortgage, as is also the payment of

taxes by the grantor after the conveyance. (27 Cyc. 1014, 1015.)'' See also, *Kelly v. Lehmann*, 297 Ill. 33.

Upon demurrer all the allegations of the bill are to be taken as true. Tested by the rule laid down in *Totten v. Totten, supra,* we are of the opinion that, by the allegations of the amended bill, appellant has sufficiently alleged a case calling upon a court of chancery for relief and that the court erred in sustaining the demurrer to the amended bill. The cause is therefore reversed and remanded.

*Reversed and remanded.*