DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1923.

---

## Abraham L. Kreider, Appellant, v. Sterling National Bank, Appellee.

### Gen. No. 7,153.

1. APPEAL AND ERROR—*insufficiency of abstract as grounds for affirmance.* It is grounds for the affirmance of a decree denying to appellant relief against a deed which is claimed to have been a mortgage, in effect, that his abstract of the record does not comply with the requirements of Appellate Court Rule 16, providing that the abstract shall state in a concise form so much as may be necessary or important of the pleadings, interlocutory orders and decree, present the evidence in narrative form showing its substance and the exceptions relied upon, every error alleged and the part of record supporting the rulings complained of, in that the orders and decree are not preserved except by title or reference to the record, briefs and arguments on a former appeal relied on as *res adjudicata* are not preserved, and material documentary evidence is not abstracted at all.

2. EQUITY—*uncorroborated evidence of complainant insufficient to overcome sworn answer.* In a suit to have a deed declared to be a mortgage, the evidence of complainant alone offered in support of the allegations of the bill, which did not waive an answer under oath, is insufficient to overcome a sworn answer denying every allegation of the bill, even though complainant offered other evi-

dence, especially where the evidence offered in support of the answer contradicts that of the complainant in every material respect.

Appeal by plaintiff from the City Court of Sterling; the Hon. I. L. WEAVER, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed August 13, 1923.

H. C. WARD and H. A. BROOKS, for appellant.

A. A. WOLFERSPERGER and McCALMONT & RAMSAY, for appellee.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

Appellant, Abraham L. Kreider, filed his bill in the city court of Sterling against appellee in which he sought to have a certain deed declared to be a mortgage. A demurrer was sustained to the bill and it was dismissed. Upon appeal to this court the decree was reversed and the cause remanded upon the ground that the allegations of the bill stated a good cause of action. 220 Ill. App. 528. Subsequently issues were joined, there was a hearing, the bill was dismissed for want of equity and this appeal followed.

For several years prior to 1913, appellant had borrowed money from appellee, and on February 26, 1913, was indebted in the sum of $8,300.19, for which there was no security. Appellee demanded settlement, appellant was unable to pay, and the farm in question was conveyed on that date to A. A. Wolfersperger for the use of appellee. There was a mortgage on the land for $10,000, on which there was unpaid interest amounting to $1,618.08, making a total indebtedness of $19,918.27 as the consideration for the conveyance. At the time this deed was executed, a written instrument was delivered to appellant by Wolfersperger which instrument does not appear in the abstract or briefs of appellant. Subsequently

Wolfersperger conveyed the farm to the appellee. Appellee retained title for several years and then conveyed to a third party. Appellant contends that this conveyance to appellee, while absolute in form, was, in fact, a mortgage to secure his indebtedness. In support of this contention he claims that the evidence of the indebtedness was not canceled or surrendered; that he was permitted to remain in possession of the land until it was subsequently sold and conveyed by the appellee to third parties; that during this time he made many valuable improvements and borrowed various sums of money from appellee which became secured by the deed or mortgage; that when final settlement was made, a part of the proceeds of sale of the farm was applied on appellant's indebtedness to appellee. The contention of appellee is that the deed was an absolute conveyance and not given as a mortgage; that appellant continued to live on the land under leases executed from time to time covering several years; that while he borrowed money after the date of the conveyance, these were separate and independent transactions and had nothing to do with the conveyance in question; that the evidence of indebtedness of appellant to appellee which formed the basis of the conveyance was either surrendered or destroyed, and after that date appellee had no valid claim thereon against appellant as to such indebtedness; that appellee paid all taxes subsequently assessed against the premises; that appellant made no valuable improvements with the knowledge and consent of appellee.

Appellant's entire ground for reversal is based upon the doctrine of laches. He claims that when this case was before this court on the former appeal that laches was urged as a reason why the bill was subject to demurrer and that the decision of this court on that appeal is *res adjudicata* on this appeal; that the chan-

cellor in this case held that the evidence showed that the deed from appellant to appellee was merely a mortgage but that by reason of the laches of the appellant he was not entitled to any relief; that the defense of laches is personal to appellee and could be waived and could only be raised by a plea by appellee, which was not done; that for these reasons the decree should be reversed.

Rule 16 of this court provides that the abstract of the record shall state in a concise form so much as may be necessary or important of the pleadings, the interlocutory orders and the judgment or decree. The evidence shall be given in narrative form so as to clearly present its substance. It must fully present every exception relied upon and every error alleged and also the part of the record which supports the rulings complained of. This rule has not been complied with in this case. It has been impossible from the abstract for us to determine many of the important facts and dates relied on for reversal and consequently considerable unnecessary work has been imposed upon this court. For example, appellant contends that in the former appeal to this court the question of laches was urged and that our former decision is *res adjudicata* on that point. There is nothing in either the abstract or record to sustain this contention. The briefs and arguments on the former appeal were not introduced in evidence and there is nothing to show what questions were argued at that time. We have examined our former opinion and find that all that was decided upon that appeal was that the allegations of the bill were sufficient and that the court was in error in sustaining the demurrer and dismissing the bill. Nothing is said about laches, and, as far as it appears from the opinion, the question was not at issue in the case. On the second contention, namely, that the chancellor in deciding this case held that the evidence showed that the deed was a mort-

gage but that by reason of laches appellant could not recover, we do not find anything in the abstract to sustain this contention. The decree is not abstracted at all. Appellant had contented himself with simply stating in the abstract "decree dismissing bill." If the decree found that the deed was in fact a mortgage but that appellant was barred from recovery by reason of laches, such recital should have been embodied in the abstract. In the absence of a proper abstract of the decree, this contention cannot be sustained. Not a single exhibit offered in evidence on either side has been abstracted including the deed from appellant to Wolfersperger, the written instrument attached thereto, the deed from Wolfersperger to appellee, the various leases of the premises by appellant from appellee, or the notes or accounts showing the business transactions of appellant with appellee subsequent to February 27, 1913, the date of the deed in question. In almost every instance, appellant in his abstract has said "see record." This is not a compliance with the rules of this court and the failure of the abstract to comply with the rules and show the errors urged would be sufficient to justify us in affirming this decree even though there was no other ground for so doing. *Streit v. Cooke*, 90 Ill. App. 257.

There is another reason why the decree must be affirmed. The bill did not waive the answer under oath. The answer was under oath and denied every allegation of the bill upon which the right of recovery was based. Substantially the only evidence in support of the bill is the evidence of appellant and it is explicitly contradicted in almost every material respect by the evidence on behalf of appellee. Where the bill does not waive an answer under oath, the answer under oath must be overcome by the evidence of two witnesses, or by the evidence of one witness and circumstances equal to the testimony of a second witness. *Salsbury v. Ware*, 183 Ill. 505; *Fish v. Fish*, 235 Ill.

396; *Miller v. Armstrong,* 169 Ill. App. 185. The uncorroborated evidence of appellant, or even his evidence taken in connection with all of the other evidence introduced by him, was not sufficient to overcome the force and effect of the sworn answer of appellee when standing alone or when taken in connection with all of the other evidence offered in behalf of appellee. For this reason the decree should be affirmed.

Appellant further insisted that the trial court held that the deed was in fact a mortgage but that appellant could not recover because he was guilty of laches, that the defense of laches was a personal defense and may be waived, and was not raised by proper pleas, and for this reason should not be a bar to his cause of action. We do not deem it necessary to consider the question as to the manner in which the defense of laches must be raised for the reason that from our examination of the record we are of the opinion that the decision of the trial court was not based upon the doctrine of laches. We think the bill was dismissed for the reason that the evidence did not sustain its allegations. Whatever may have been the ground for dismissing the bill, the evidence sustains the decree and it will be affirmed.

*Decree affirmed.*